## Case No. 16,815.

### VALK v. SIMMONS.

[4 Mason, 113.] [1]

Circuit Court, D. Rhode Island.    Nov. Term, 1825.

BILLS OF EXCHANGE—NOTICE OF NONACCEPTANCE

A drawer, having no funds in the hands of the acceptor, or having withdrawn them without giving notice of the bill, and intercepting all other funds before they reach the acceptor, is not entitled to strict notice of non-payment. He has no right to expect the bill to be paid.

[Cited in Woodbury v. Crum, Case No. 17,-969.]

[See Baker v. Gallagher, Case No. 768.]

Assumpsit on a bill of exchange, drawn by the defendant [Thomas Simmons] and his wife, upon one Francis Mott (trustee of the wife's property), payable to J. M. Ehrisk or order, endorsed to plaintiff [Jacob R. Valk], for nonpayment after acceptance. Plea, general issue. At the trial the defence was principally, that the defendant had not due notice of non-payment by the acceptor. It appeared in evidence, that Mott was trustee of the property of the defendant's wife, and as such was accustomed to receive the rents of her estate, which were drawn for in this manner by husband and wife. The defendant had drawn out all the funds in the hands of Mott before the acceptance of this bill; and, as the evidence was, had intercepted the other funds before they came into Mott's hands at any subsequent period. Mott, under these circumstances, refused to pay the acceptance; and there was no evidence that the non-payment was duly notified to the defendant.

Mr. Rivers, for defendant, cited French's Ex'rs v. Bank of Columbia, 4 Cranch [8 U. S.] 141.

Mr. Searle, for plaintiff, argued, e contrà, that the acceptor had no funds, and the drawer was not entitled to notice.

STORY, Circuit Justice. If the jury believe the evidence in this case, my opinion is, that the plaintiff is entitled to recover. No notice is necessary where the acceptor has not in fact, or in the expectancy of the drawer, any funds in his hands at the time of payment, nor had entered into any arrangement with the drawer at all events to pay the bill. In the present case, if the evidence is believed, the defendant, without any notice to Mott of the existence of this bill, withdrew all the funds in his hands before the acceptance, and has since intercepted all funds which might have come into his hands to pay it. What right can he then have to demand notice? He withdraws the fund without any notice to the drawee of the fact, that he has drawn on him; he prevents other funds from coming to his hands, and he provides no means of payment. He is then, to say the least of it, in the predicament of a party, drawing without funds, and having no right to expect his bill to be paid.

Verdict for plaintiff.