Oakley, J.
This was an action of assumpsit on a check, .drawn by the defendant on the Franklin Bank, dated March the 11th, 1828, and payable to bearer.
The declaration contained a count on the check and the common money counts. The check was given in evidence, and the plaintiffs proved, that the defendant had no funds in the bank, either at the date of the check or at any time since, and has kept no account in the bank for the last year.
The defendant contended, that a presentment of the check at the bank for payment must be proved. The judge ruled that it was not necessary, and a verdict was taken for the plaintiffs. The defendant now moves for a new trial.
It seems to be settled, that a bank check is generally to be considered as an inland bill of exchange, and subject to the same rules. The contract created by a bill of exchange, between the drawer and payee is, that the bill shall be presented to the drawee, and payment demanded; and incase of non-payment, that notice thereof shall be given to the drawer. And the general role undoubtedly is, that the payee cannot call upon the drawer, until he has demanded payment of the drawee. [ Cruger v. Armstrong, 3 John. C. 5.] It has however, very often been decided, that if the drawer of a bill, at the time of drawing, has no funds in the hands of the drawee, the payee is not bound to give notice of the dishonour of the bill.
These decisions appear to rest on two grounds : 1. That the drawer cannot be injured, by the want of notice of non-payment of the bill, and therefore is not within the reason of the rule, which requires notice. And secondly, that the drawing of a bill without funds is a fraud; and that a person guilty of such a fraud, shall not claim the protection of those rules, which were introduced, for the benefit of drawers acting bona fide.” [Bickerdike v. Bollman, 1 D. & E. 408. Clegg v. Cotton 3 Bos. & Pul. 242.] The rule as thus laid down, is subject to qualification. The mere drawing without funds cannot, under all circumstances, be evidence of a fraudulent intent. And in many cases, the drawer would be exposed to serious injury by the want of notice, although he has no funds at the time of drawing. Bills are often drawn and *81 excepted, on the faith of funds, which are afterwards to come to the hands of the drawee, or in pursuance of a previous agreement of the drawee to accept.
The true rule is that laid down by Chief Justice Marshall in French v. The Bank of Columbia [4 Cranch, 141.] If the drawer, at the time of drawing, has a right to expect, that his bill will be honoured (or in other words, if the bill be drawn in good faith) he is entitled to strict notice of its dishonour.
This qualification of the rule has been also made in several eases in the English Courts : [Legg v. Thorpe, 12 East, 170. Cory v. Scott 3 Barn, & Ald. 619. Brown, v. Maffey, 15 East, 221. Claridge v. Dalton 4, Mau. & Sel. 226.] And its correctness has been fully recognized by the Supreme Court of this state, [Robinson v. Ames, 20 J. R. 150.]
This seems to be admitted to be the rule as to the want of notice of non-acceptance or non-payment; but it is said not to be applicable to the omission of a demand of payment. It is not perceived, on what ground any distinction between the two cases can be raised. It is as much a part of the contract created by a bill of exchange, that the payee shall give notice of its dishonour, as that he shall present it for acceptance. And every reason, which upholds the rule, that the want of funds of the drawer in the hands of the drawee, or the drawing in bad faith, will dispense with the performance of one part of the contract, applies equally to the other. When a drawer has no reason to expect, that his bill will be accepted, it is an idle ceremony to require it to be presented ; nor can the drawer be injured by the omission to do so.
Chitty in his treatise on Bills [248.] lays down the rule, that “ the neglect to make a proper presentment, may, so far as respects the drawer’s liability be excused, by the drawee’s not having had effects of the drawer in his hands, from the time of draw- “ ing the bill to the time when it became due.”
In Legge v. Thorpe, [12 East, 170.] it was decided, that a protest for non-acceptancp of a foreign bill, need not be made- or proved in an action agajnst the drawer, if it appear, that he had rio effects in the hands of the drawee, or no reason to ex» *82 peel, that his bill would be accepted." In the case of foreign bills, it is a part of the contract arising from the Law Merchant, that a protest for non acceptance must be made. It is indispensably necessary, and cannot be supplied by any other proof. [Chit 316. Gale v. Walsh, 5 T. R. 239. Rogers v. Stephens, 2 T. R. 713.] The protest is a formal declaration, that the bill has been presented and acceptance refused: and it is the usual, and indeed, the only evidence of the presentment of the bill, either for acceptance or payment. [1. Phil. Ev. 321. note. 2 Phil. Ev. 36. 6 Wheat. 574.] If then, in the case of a foreign bill, drawn under the circumstances before mentioned, a protest may be omitted, it would seem clearly to follow, that the presentment to the drawee (of which the protest is the only legal evidence) may also be omitted. The result of this reasoning is directly applicable to inland bills; for although no protest is necessary as to them, and they in that respect differ from foreign bills, as to the mode of proving a presentment, there is no difference between them, as to the necessity of making a presentment.
The rule, as thus derived from the English authorities, has received the express sanction of Chief Justice Parsons, in Bond v. Farnham, [5 Mass. 174.] In that case, that very learned Judge lays it down clearly, that when the drawer has no effects in the hands of the drawee, he, cannot insist on a demand upon the drawee: for, says he, “ he could not expect “ an acceptance, and suffers no injury by the want of it.”
I am of opinion from this view of the subject, that there is no, ground for any distinction, in the present case, between an omission to give notice of the non-payment of the check, and an omission to present it to the bank. Upon principal and upon authority they stand upon the same footing.
It has -been suggested, that if the want of funds in bank, at the time of drawing the check, is to be considered only as evidence, that if was drawn fraudulently or in bad faith, it ought to have been left to the jury to pass upon the fact of fraud. If the defendant had offered any proof to rebut the inference of fraud, arising from the circumstances of the *83 case,' as they were in evidence, it would, no doubt, have been received. None such was offered. The defendant insisted, that upon the evidence, as it stood, the plaintiffs were bound to prove a presentment of the check, at the bank ; and he now insists, that he was entitled to the verdict of the jury. The Judge was clearly right in holding, that it was not necessary, as the proof stood, to show a presentment of the check. And there being no question as to the facts of the case, the jury would have been bound to find, that the check was drawn in bad faith. It is not important, therefore, to consider in what form the matter was left to the jury. The motion for a new trial must be denied.

Motion for a new trial denied.

[E. Curtis, atty. for deft. B. Clark, atty. for plffs.]