### MENARD *vs.* COX.

APPEAL FROM THE COURT OF THE THIRD JUDICIAL DISTRICT, THE JUDGE THEREOF PRESIDING.

Where the cashier of a bank refuses to pay a check, on the ground that the drawer had no funds in bank, but at the same time advances the money to the *bearer*, it will be presumed the cashier paid his own money as a loan, which will authorise him to recover, in a personal action, in his own name, against the borrower.

When the record furnishes no point, on which the appellant could reasonably hope to obtain a reversal of the judgment on appeal, it will be affirmed with *ten per cent.* damages, and costs.

The plaintiff sues, for the recovery of three hundred dollars from the defendant, on the following draft :

"Cashier of the branch bank of the Bank of Louisiana, pay Sebastian Hiriart or order, three hundred dollars."

"$300."          [Signed]     "E. W. Potts."
*Endorsed.*    "I have received the within amount,"
            [Signed]     "Wm. P. Cox."

The draft is without date ; and the plaintiff alleges, that the defendant presented it to him as the cashier of the bank, about the 20th January, 1830, and represented, that Potts the drawer, was much pressed for money, and bound himself personally, to refund the amount of said draft ; that he refused payment at first, but that the defendant, in addition to the promise of the drawer, acknowledged on the back of the draft, that he had received the money, before he would pay

the same ; he charges, that it was upon the personal responsibility of the defendant, that he advanced the money, &c. ; he alleges a demand on the defendant, and refusal to pay, and prays judgment for the amount thereof, and interest.

The defendant pleaded a general denial.

*Louis Menard,* witness for plaintiff, states, that E. W. Potts obtained a loan of one thousand five hundred dollars, from the branch bank of Louisiana, in 1830, which the plaintiff as cashier, paid over to the present defendant W. P. Cox, as the agent of Potts ; that it was paid as follows : in a check for two hundred and sixty-four dollars, and in one of seven hundred dollars, and in another of one hundred and sixteen dollars, and the balance of three hundred dollars, (after deducting one hundred and twenty dollars, the amount of the discount) was paid, without any check, to said Cox ; that the draft sued on, was presented about three weeks after the above sums were paid over, and that the plaintiff told defendant at the time, that E. W. Potts had no money in bank ; witness says, the consideration and inducement for paying the draft, were the representations of defendant, that Potts was in great want of money, and that the former agreed to refund it, as soon as he should examine a memorandum, handed to him by the plaintiff, of the payments of the amount of Potts's loan, which he said was in his pocket-book, at home.

The cause was submitted to a jury, who found a verdict for the plaintiff, for the amount of his claim, with legal interest ; from the judgment rendered thereon, the defendant appealed.

*Brunot,* for the plaintiff.

*Morgan, contra.*

*Bullard, J.,* delivered the opinion of the court.

The plaintiff alleges that one Potts, obtained a loan from the bank, of which the former was cashier, for one thousand five hundred dollars, which was paid over to the defendant

Cox, as agent of the borrower, after deducting the discount for one year. That after the defendant had received the whole amount, he presented to him a draft or check, signed by Potts, for three hundred dollars, which the plaintiff refused to pay, as the drawer had no funds. That the said Cox represented to him, that Potts was much in want of that sum, and if he, the plaintiff, would advance it, that he would be personally bound to refund the amount ; whereupon the plaintiff alleges he did advance that sum to Cox, on his personal responsibility and promise to refund.

The defendant pleaded the general denial, and the issue between the parties, was tried by a jury, whose verdict was in favor of the plaintiff, and the defendant appealed.

The allegations in the plaintiff's petition, are fully proved by evidence received without exception, in the District Court. The record furnishes no point, on which the defendant could reasonably hope to obtain a reversal of the judgment in this court. It is, however, contended by the counsel for the appellant, that the sum claimed, was paid out of the funds of the bank, of which the plaintiff was cashier, and that it was in fact an overdraft, which the cashier cannot recover, without first showing that he has been rendered responsible to the bank. But there is no evidence that the money was paid out of the funds of the bank ; on the contrary, it is shown that the plaintiff refused to pay the draft or check, and advanced the money to the defendant as a loan. We must presume that he advanced his own money, and that the transaction was wholly personal between the parties.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with ten per cent. damages and costs.

WESTERN DIST.
*August*, 1834.

MENARD
*vs.*
COX.

Where the cashier of a bank refuses to pay a check, on the ground that the drawer had no funds in bank, but at the same time advances the money to the bearer, it will be presumed the cashier paid his own money as a loan, which will authorise him to recover in a personal action in his own name against the borrower.

When the record furnishes no point on which the appellant could reasonably hope to obtain a reversal of the judgment on appeal, it will be affirmed with *ten per cent* damages and costs.