## Case No. 4,985.

FOSTER et al. v. SWASEY et al.

[3 Woodb. & M. 364.] [1]

Circuit Court, D. Massachusetts. Oct. Term, 1847.

[1] [Reported by Charles L. Woodbury, Esq., and George Minot, Esq.]

Mr. Andrew and T. P. Chandler, for plaintiffs.

Clark & Bigelow, for the bank.

WOODBURY, Circuit Justice. There are two grounds on which the bank is entitled to a discharge in this case. 1st. The draft on them by Swasey for the amount on hand, and even more, may properly be considered as an assignment of that balance to the drawee. It is a direction to pay it to him, probably being a third person, and is, therefore, good for the amount, though asking a still larger sum to be paid to him. The excess does not vitiate it for what is good. It is a valid transfer of all he has a right to. Notice of it was given to the bank before the service of the trustee action, and the money was actually paid over in conformity to the order or assignment. Because the teller chooses to pay over a still greater sum does not affect the rightful payment of the amount due, looking to the transaction as an assignment and a payment under it. 2dly. If the holder of the check is regarded as an agent or representative of Swasey, then it would seem that a payment had been actually made to him of all the balance held by the bank before the institution of this suit. In this view, whether the draft was nominally in favor of Swasey himself or not, would be immaterial. A depositor has the right to withdraw the balance of his deposits in favor of himself whenever he pleases. And if doing it before this suit, then Swasey had no money or effects in the hands of the bank when the writ was served. If there was any collusion or fraud or conditions attached to the draft or the payment, to the extent of the true balance, it should be made to appear in the answers; and interrogatories to draw out that fact should have been put, and probably would have been, if any foundation was supposed really to exist in favor of such a hypothesis.

Something has been said in the argument as to the want of legal power in the teller to pay over the amount of the whole draft. But however that may have been, he and the bank were both bound to pay on it the balance due; and his payment to this extent was legal and authorized. This settles the question as to that, and it is only that which is sought to be reached by this action. Indeed, if it was necessary to pass on the validity of the payment of the whole as regards the bank, I have little doubt it was a valid payment, both as regards the bank and the holder of the draft. Being done by the agent of the bank and from the funds of the bank, without notice shown of any objection made to the holder of the draft, it is an admission by the bank and the teller, its agent for this purpose, that Swasey, the drawer, had funds there to that amount, or at least funds and credit, which induced them to honor the whole draft. The payment, therefore, as between the bank and the holder, was valid for the whole, and could not be ripped up. The remedy by the bank for the excess was good against both the teller and Swasey; against the former on his violated bond, and against the latter for money paid for him to the extent of the excess. 1 Hall, 78. In the case of Menard v. Cox, 7 La. 167, the teller informed the holder that the drawer had not funds, and hence the money was paid by the teller, rather than the bank; and he, and not the bank, could sue the drawer for the amount, it being advanced by the teller, rather than the bank, for the amount and the benefit of the drawer. 7 Har. & J. 381; 1 Hall, 78.

There is no ground on which the creditors of Swasey could rightfully complain of what was done in this case by the bank or the teller, unless they were actually misled by the transaction not being entered on the books till the 7th of August. If between the payment to the holder and the entry of it on the books, the plaintiff, as a creditor of Swasey, had inquired at the bank, and not been told of the payment, and had seen or been informed of the balance standing to Swasey's credit, then some ground would have existed to say they had been injured or misled by the transaction, though then it is doubtful whether, in law, the payment would not be a good one, if made, in point of fact, before the service, and done bona fide. But the bank would, in that event, be entitled to no cost on account of the suit, caused by their neglect to disclose

all the facts to the plaintiffs. Nothing of this kind, however, is shown to have happened here; no such inquiries and no such neglect to give full information. When the truth of the money having been actually paid over, and not of its being entered on the books the same hour, day or week is the test of the bank having or not having money on hand after the payment, it seems of little importance when the entry is made on the books, if nobody is misled by the delay to do it. Judgment for the trustee.