Foster *v.* Paulk.

JOHN B. FOSTER *versus* EPHRAIM PAULK.

*Bank checks* are, in form and effect, bills of exchange.

As between the holder and the drawer, on failure by the drawee to pay, a demand at any time before an action is commenced will be sufficient, unless it appear that the drawer has sustained an injury by delay.

The indorser of a check may be holden on proper notice, after the drawee upon legal demand has refused payment, or in any state of facts which amounts to a dishonor of the check.

A check drawn on a bank in which the drawer has no funds need not be presented at all, in order that an action may be maintained upon it.

The *holder* of a check is *prima facie* the rightful owner of it.

A check, payable to bearer, is transferable by delivery.

The holder of a check need not prove a consideration for it, unless he possesses it under suspicious circumstances.

An exchange of checks constitutes a good consideration in each case.

ON EXCEPTIONS from *Nisi Prius*, CUTTING, J., presiding.

This was an action of ASSUMPSIT on a check, payable to J. B. F., or bearer.

At the trial, the plaintiff read the check declared upon, and proved that, at the maturity of the check, Paulk had no funds in the bank, and never had any there. The cashier testified, that no demand or presentation had ever been made of the check, except that it was, before its maturity, left by plaintiff in the bank, and was in the bank at the time of its maturity.

Defendant then offered another check made by plaintiff to defendant at the same time, which was given in exchange for

the one in suit, and proved that, about two months after its maturity, it was presented for payment by S. A. Gilman, the cashier of City Bank, Bangor, and payment refused, and that at that time Foster had no funds in the bank on which the check was drawn. The cashier further testified that, at the maturity of the check, Foster had more than $20,000, to his credit in the bank, all which had been drawn out by him before the check was presented.

On the day of the trial, prior to the trial, and also at the trial, the defendant tendered the check to plaintiff, and offered to surrender it up to him.

The counsel for defendant requested the Judge to instruct the jury that, upon the evidence, the plaintiff had no right to recover, which he declined to; but instructed them that the evidence introduced by the defendant constituted no defence. The jury returned a verdict for plaintiff.

Exceptions were taken to the above instructions, and the refusal to instruct.

*Rowe & Bartlett*, for plaintiff.

1. Exchange of securities is sufficient consideration. *Rolfe* v. *Caslan*, 2 H. Black. 570; *Buckler* v. *Buttment & al.*, 3 East, 72; 1 Camp. 179, note.

The case shows that plaintiff gave to defendant his check for same amount payable at same time; that, at its maturity, funds were in the bank to meet it; that defendant had transferred and indorsed it, and was discharged from his liability as indorser by the *laches* of the holder; and that plaintiff is still liable on it as drawer.

2. The leaving defendant's check in the bank by plaintiff, before and at maturity, is sufficient presentment.

3. Demand and notice were not necessary. Defendant never had any funds in the bank, and suffered nothing by plaintiff's neglect. *True* v. *Thomas*, 16 Maine, 36; Story's Prom. Notes, § § 492–7–8, and cases in notes; *Little* v. *Phœnix Bank*, 2 Hill, 425; *Kemble* v. *Mills*, 1 Manning & Granger, 757.

*A. W. Paine*, for defendant, contended, — 1. The check in suit has no value or consideration, expressed or acknowledged, directly or indirectly.

2. It is denied that an action can be maintained, upon the check payable to " J. B. F.," in the plaintiff's name. Chitty on Con. 648 to 655.

3. But admitting that the check be payable to the plaintiff, it does not follow, that the defendant is liable to pay the plaintiff in case of its non-payment. 5 Phil. on Ev., (Hill's ed.,) 121; 2 Parsons on Con. 135; *Cromwell* v. *Levett*, 1 Hall, 56; 6 Wend. 369; *Patee* v. *Ash*, 7 S. & R., 116; Chit. on Con., 6th Am. Ed. 749, 750.

4. The check of the plaintiff being the *sole* consideration taken by the defendant for his check, there was no legal consideration.

" The holder is not bound by receiving a check, but he may treat it as a nullity if he derives no benefit from it, provided he has been guilty of no negligence which has caused an injury to the drawer." 2 Parsons on Con. 135.

Here the drawer has himself abstracted the funds after the check was drawn, and has, of course, received no injury. His own fault has caused the protest or dishonor. *Taylor* v. *Wilson*, 11 Met. 53. *Aldrich* v. *Fox*, 1 Greenl. 316, is much stronger to the point contended for than the case at bar. *Cromwell* v. *Levett*, 1 Hall, 56. — The check is not presumed to be received as payment, though the drawer has funds, but " as the means whereby the holder may procure the money."

Lord KENYON said, in *Bolton* v. *Richard*, 6 T. R., 139, " if defendant gave the check on an insolvent person, it would be too much to say, that it would cancel the plaintiff's debt." How much more so if the drawer abstracted the funds himself, as he did here. Also *Tapley* v. *Martes*, 8 T. R. 451.

5. The case is more impressive as one of a failure of consideration.

TENNEY, C. J. — The check, the cause of action in the present suit, is dated Oct. 16, 1854, and payable to J. B. F.,

or bearer, at the Exchange Bank, on Oct. 23, 1854, and signed by the defendant, as drawer.

Several objections are made by the defendant to the plaintiff's right to maintain the action.

Bank checks are, in form and effect, bills of exchange. They are not direct promises by the drawers to pay, but they are undertakings, on their part, that the drawees shall accept and pay, and the drawers are answerable only in the event of the failure of the drawees to pay. As between the holder and the drawer, a demand at any time before suit brought will be sufficient, unless it appear that the drawee has failed, or the drawer has in some other manner sustained an injury by the delay. *Cruger* v. *Armstrong*, 3 Johns. Cases, 5; *Conray* v. *Warren*, 3 Johns. 259. The indorser of a check may be holden on proper notice, after payment has been refused by the drawee, upon a legal demand, or any state of facts which amounts to a dishonor of the same. *Heylyn* v. *Adams*, 2 Burr. 669; *Rushton* v. *Aspinwall*, Doug. 679. And a check, drawn on a bank in which the drawer has no funds, need not be presented at all, in order to sustain an action upon it. *Franklin* v. *Vanderpool*, 1 Hall, 78.

The holder of a check must *prima facie* be deemed the rightful owner thereof. *Cruger* v. *Armstrong*, and *Conray* v. *Warren*, before cited.

A check on a bank, being payable to bearer, is transferable by delivery, and an action may be maintained in the name of the holder, if he is otherwise entitled to recover. *Grant* v. *Vaughan*, 3 Burr. 1526.

In this case, the plaintiff, being the holder of the check, could maintain an action thereon, in his own name, even if the initials of his name had not been inserted. And the check, having those initials, is an equally good cause of action. The initials can in no degree prejudice those rights.

The law is now understood to be, that the bearer of a bill of exchange, or a promissory note, payable to bearer, need not prove a consideration, unless he possesses it under suspicious circumstances; and that such paper stands on the same

footing with specialties, and *prima facie* imports a consideration; and the rule is equally applicable to checks. *Conray* v. *Warren*, 3 Johns. Cases, 259.

The consideration of the check declared upon in this action is shown to have been the check of the defendant to the plaintiff, of the same date and amount; payable at the same time and place. The principles in relation to consideration, applicable to bills of exchange and promissory notes, from their analogy to those relating to banker's checks, will equally apply to them. And the plaintiff's check in favor of the defendant, was a good consideration for that in suit. *Dockray* v. *Dunn*, 37 Maine, 442.

Has the consideration of the check in suit failed? This case is distinguished from those cited for the defendant, where the check was taken on account of a preexisting indebtedness of the drawer to the person to whom it was given. In this case no such relation is shown between the parties. Each had the other's check, and no other consideration moved from one to the other.

The check of the defendant was in the bank on which it was drawn, at its maturity. No funds of the defendant were there at that, or any other time, to meet it. This fact, unattended by others suited to discharge or qualify his liability, would enable the plaintiff to recover in a suit thereon.

Did the withdrawal, by the plaintiff, of his funds in the Exchange Bank, after his check had matured, and the consequent failure of payment thereof two weeks after, when presented by the holders, take away the consideration of the check in suit, so that the action cannot be maintained? The check of the plaintiff was indorsed by the defendant without date, and in blank, and was presented by the cashier of the City Bank, Bangor, and must be treated as negotiated to the bank on the day of its date. Funds sufficient to meet it, belonging to the plaintiff, having been in the Exchange Bank at its maturity and withdrawn so long afterwards, the defendant, who was indorser, was exonerated from liability, even if he had had notice of the non-payment, immediately after the present-

ment of the check. But it does not appear that he had any notice. As between the City Bank, the holder of the check, and the plaintiff, the drawer, the latter will be holden, after a demand made, at any time, as we have seen; and, at the time of the commencement of this action, his liability had not ceased. And that of the defendant must continue.

It does not appear that the plaintiff's check to the defendant was filed in set-off, and the offer to surrender it at the trial was no defence to this suit. *Exceptions overruled.—*
*Judgment on the verdict.*

HATHAWAY, APPLETON, and MAY, J. J., concurred.
GOODENOW, J., did not sit.