## RANSOM *a.* WHEELER.

*New York Common Pleas; General Term, March,* 1861.

EVIDENCE.—FOREIGN JUDGMENT.—BURDEN OF PROOF.—DRAFTS
PAYABLE AFTER DATE.

Where a Superior Court of a sister State has a presiding judge, a clerk, and a seal,
its records, when duly authenticated, are entitled to be received under the act
of Congress; and are evidence not only of the acts of the court, but of its
jurisdiction.

Under the act of 1857 relative to commercial paper (1 *Laws of* 1857, 839), a draft
on a bank, payable on a designated day after its date, must be presented on the
day designated for payment, in order to charge the drawer for non-payment,
unless it can be affirmatively shown that he had no funds to meet it.

Proof that the bank, being solvent, refused payment of one such draft on the
10th of the month, and that on the 16th of the month had not sufficient funds
of the drawer to meet another such draft;—*Held,* sufficient to cast on the
drawer the burden of showing that he had there sufficient funds to meet two
others which were due respectively on the 12th and 14th, but which were not
presented until the 14th and 16th respectively, and were then refused payment.

Appeal from a judgment.

The facts are stated in the opinion.

BY THE COURT.—DALY, F. J.—There is sufficient appearing
on the face of the exemplification to show that the court is one
whose records are entitled to be received under the act of Con-
gress, when duly authenticated. Its title is the Superior Court,
for the State of Connecticut, within and for New Haven county,
and it has a presiding judge, a clerk, and a seal. Courts of
justices of the peace have been held not to be within the mean-
ing of the act of Congress, because they have not ordinarily the
machinery to enable them to comply with all the requisitions
of the act. (Kean *a.* Rice, 12 *Serg. & R.,* 203; *Greenl. on
Ev.,* § 505; and cases collected in 4 *Cowen & Hill's Notes,*
318, 3 ed., note 143.) This court has complied with all that
the act requires. It has the attestation of the clerk, with the

seal of the court annexed, and a certificate of the presiding judge that the attestation is in due form of law, which is conclusive. The record having been duly authenticated, it will be presumed that the court had competent authority to appoint the plaintiffs receivers of the bank, the record being evidence not only of the acts of the court, but of its jurisdiction. (Wheeler *a*. Raymond, 8 *Cow.*, 311; Thomas *a*. Robinson, 3 *Wend.*, 268.) Nor was it necessary that exemplification should be made of the whole record; it is enough that sufficient appears to show that the plaintiffs were appointed by the court receivers of the bank. (Packard *a*. Hill, 7 *Cow.*, 434; 5 *Wend.*, 385.)

[We omit some remarks here and at the close of the opinion, upon other questions of evidence.]

The instruments sued upon, as they were made payable upon designated days after their date, were bills of exchange. (Woodruff *a*. Merchant's Bank, 5 *Hill*, 174; Bowen *a*. Newell, 4 *Seld.*, 190.) The act in relation to commercial paper, passed 14th of April, 1857, before these instruments were made (1 *Laws of 1857*, 839), declares that any check, draft, or bill of exchange, drawn upon a bank, which upon its face is payable upon a specified day after its date, shall be deemed due and payable upon that day, without any days of grace being allowed, and that it shall not be necessary to protest it for non-acceptance. The instruments in suit are of the kind named in the act, and the effect of this statute is to liken every such instrument to an inland bill of exchange payable on demand, with the exception only that the latter must be presented for payment within a reasonable time after it has been received, and the former must be presented upon the very day when it is due and payable. (*Chitty on Bills*, 369, 377, 10 Am. ed.) To charge the drawer upon these instruments, therefore, they should have been presented to the bank for payment on the days respectively designated in each, unless the drawer upon these days had no funds in the bank, which must be shown affirmatively to entitle the holder to sue upon them. (Commercial Bank *a*. Hughes, 17 *Wend.*, 94; Harker *a*. Anderson, 21 *Ib.*, 372; Franklin *a*. Vanderpool, 1 *Hall*, 78; Cruger *a*. Armstrong, 5 *Johns. Ch.*, 5; Volk *a*. Simmons, 4 *Mason*, 113; Campbell *a*. Pettingell, 7 *Greenl.*, 126; *Chitty on Bills*, 326, 10 Am. ed.; *Edwards on*

Ransom *a.* Wheeler.

*Bills and Notes*, 449; Robinson *a.* Ames, 20 *Johns.*, 146; Van Wart *a.* Smith, 1 *Wend.*, 219; Nichols *a.* Goldsmith, 7 *Ib.*, 160; Aymar *a.* Beers, 7 *Cow.*, 705; Murray *a.* Judah, 6 *Ib.*, 484; *Story on Bills*, §§ 311, 367, and cases cited.)

The only question, therefore, upon this point in the case, is, whether the evidence was sufficient to warrant the judge in finding such to be the fact. As respects the first of these instruments, it was presented at the bank and payment refused upon the day when it was due and payable, and as to it no question can arise, a proper demand having been made.

This presentment took place on the 10th day of September, 1857. The second instrument, which was for the same amount as the former, $2,000, was due two days after, and was presented on the 14th, and payment refused. The third, which was also for $2,000, was due on the 14th, and presented on the 16th, and payment refused. The last, which was for $2,500, was due on the 16th, and on that day the drawer had but $936 in the bank. The question presented is, whether he had on the 12th and 14th of September, 1857, funds in bank to meet the second and third of the bills falling due respectively on those days. That he had not $2,000 there on the 14th appears from the refusal of the bank to pay the bill due on the 12th, which was presented for payment and refused on the 14th. The bank had not failed when these respective demands were made, and it is to be presumed that if he had funds in on deposit sufficient to meet any of the bills when they were demanded, that they would have been paid. If he had funds there sufficient on the 12th to meet a bill due on that day for $2,000, he must have placed them there after the refusal on 10th, and drawn them out again before the refusal on the 14th —a very improbable supposition, as another bill for the same amount became due on the 14th. I think that what was thus affirmatively shown on the part of the plaintiffs was at least sufficient to cast the onus upon the defendant of showing that he had funds to meet the bills if they had been presented upon the day upon which they fell due, and that in the absence of any such evidence on his part, the judge was justified in concluding that he had not.

The judgment should be affirmed.