VICTOR BEAUREGARD *vs.* J. G. KNOWLTON.

Suffolk.    March 15, 1892. — May 10, 1892.

Present: FIELD, C. J., HOLMES, KNOWLTON, LATHROP, & BARKER, JJ.

*Check — Presentment — Liability of Maker.*

A. had no funds in a bank and no authority from the bank to draw upon it. B. had a deposit account with the bank, and had given it authority to pay and charge to his account checks signed by A.; and the bank had been in the habit of so doing. An action was brought by the payee against A., the drawer of three checks, given for value, dated December 16, 1889, one for two hundred and fifty dollars, bearing a pencil memorandum, "Draw Dec. 19th"; one for one hundred and twenty-five dollars, bearing a similar memorandum, "Draw Dec. 26th"; and one for one hundred and twenty-five dollars, with a memorandum, "Draw Dec. 28th." The deposit of B. was never sufficient to pay any one of the checks, the bank had no authority to allow the account of B. to be overdrawn by the payment of such checks, and there was no evidence that it had ever pursued such a course. *Held*, that the plaintiff was excused from presenting the checks, and that the defendant was liable.

BARKER, J.    The action is upon checks which have never been presented to the bank upon which they were drawn. The only question argued is as to the correctness of the ruling, that, if the facts were as testified to by the president of the bank, the plaintiff was excused from presenting them. The checks were given for value, and were dated on December 16, 1889, one for the sum of $250, bearing a pencil memorandum, "Draw Dec. 19th"; one for $125, bearing a similar memorandum, "Draw Dec. 26th"; and one for $125, with a memorandum, "Draw Dec. 28th." They were signed by the defendant with the name of J. G. Knowlton & Co., which was the style under which he did business. The president of the bank testified, that on December 16, 1889, and during the remainder of that month and the following January, J. G. Knowlton & Co. had no funds in the bank; but that one M. E. Knowlton had an account at the bank, and the bank had written authority from him to pay checks signed by J. G. Knowlton & Co., charging the same to the account of M. E. Knowlton, and that, acting upon this authority, the bank had been in the habit of so doing; and that on December 16, 1889, the deposit of M. E. Knowlton was

'$51.15; on December 19, $117.28; on December 26, $61.13; and on December 28, $8.18.

We assume that, under ordinary circumstances, the drawer of a check is not liable to a suit upon it without presentment to the bank and dishonor. *Kelley* v. *Brown*, 5 Gray, 108. *Tassell* v. *Lewis*, 1 Ld. Raym. 743. *Cruger* v. *Armstrong*, 3 Johns. 5. *Conroy* v. *Warren*, 3 Johns. 259. *Murray* v. *Judah*, 6 Cowen, 484, 490. *Little* v. *Phenix Bank*, 2 Hill, (N. Y.) 425. *Case* v. *Morris*, 31 Penn. St. 100, 104. *Purcell* v. *Allemong*, 22 Grat. 739. *Woodruff* v. *Plant*, 41 Conn. 344, 347. *Foster* v. *Paulk*, 41 Maine, 425. But the cases cited, and many others, hold that a check is in the nature of a bill of exchange payable on demand, and that many of the same rules apply to both. *Barnet* v. *Smith*, 30 N. H. 256, 264. *Bickerdike* v. *Bollman*, 1 T. R. 405. *Boehm* v. *Sterling*, 7 T. R. 423, 426. The drawer of a bill of exchange is liable without presentment, if he has no effects in the hands of the drawee, unless the drawee has something equivalent to effects, or has agreed to accept and pay, or the drawer has some ground for a reasonable expectation that the bill will be accepted and paid. *Kinsley* v. *Robinson*, 21 Pick. 327, 328, and cases cited. *Commercial Bank* v. *Hughes*, 17 Wend. 94, 97. The same general principles are applied to checks; and presentment is excused where the making of the check was a fraud upon the part of the drawer, he having no funds in the bank, and no ground for a reasonable expectation that it would be paid. Byles on Bills, (11th ed.) 216. Chitty on Bills, (12th Am. ed.) 515. *Franklin* v. *Vanderpool*, 1 Hall, 78. *Harker* v. *Anderson*, 21 Wend. 372, 375. *Case* v. *Morris*, 31 Penn. St. 100, 104. *Sterrett* v. *Rosencrantz*, 3 Phila. 54. *Hoyt* v. *Seeley*, 18 Conn. 353, 360. *True* v. *Thomas*, 16 Maine, 36. *Foster* v. *Paulk*, 41 Maine, 425, 428. *Terry* v. *Parker*, 6 A. & E. 502. *Wirth* v. *Austin*, L. R. 10 C. P. 689.

In this case the drawer had no funds in the bank, and no authority from the bank to draw upon it. One M. E. Knowlton had a deposit account with the bank, and had given it authority to pay and charge to his account checks signed by J. G. Knowlton & Co., and the bank had been in the habit of so doing. But the deposit of M. E. Knowlton was never sufficient to pay any one of the checks in suit, and the bank had no authority to

allow the account of M. E. Knowlton to be overdrawn by such checks, and there was no evidence that it had ever pursued such a course; so that the defendant could have had no ground for a reasonable expectation that the checks would be honored by the bank.  When the defendant made them, he knew they would not be paid if presented, as well as though there had been no arrangement as to his checks between the bank and M. E. Knowlton.  Notice of non-payment would have given him no new knowledge.  The presentment of either of the checks would not have entitled the plaintiff to demand from the bank the actual balance to the credit of M. E. Knowlton.  *Dana* v. *Third National Bank*, 13 Allen, 445.  So that the facts testified to show affirmatively that no loss happened to the defendant by the omission of presentment.                    *Exceptions overruled.*

*E. B. Callender & L. Girardin*, for the defendant.

*A. M. Lyman*, for the plaintiff.