SPINK & KEYES DRUG COMPANY v. RYAN DRUG COMPANY.

May 9, 1898.

Nos. 10,979—(96).

**Action against Drawer of Check—Complaint Alleging Notice of Dishonor.**

While it is necessary, in action on a check against the drawer, to allege presentment of the check for payment, and its dishonor, it is not necessary to allege that notice of its dishonor was given to the defendant.

Appeal by defendant from an order of the district court for Ramsey county, Willis, J., overruling defendant's demurrer. Affirmed.

*McLaughlin, Boyesen & Donohue,* for appellant.

Notice to defendant of dishonor of the check was essential to create a cause of action. 3 Am. & Eng. Enc. 212; Tiedeman, Com. Paper, § 442; Wade, Notice (2d Ed.) §§ 729, 730; Harker v. Anderson, 21 Wend. 372.

*Jayne & Helliwell,* for respondent.

3 Am. & Eng. Enc. 211; Hoyt v. Seeley, 18 Conn. 353; In re Brown, 2 Story, 502, 516; Conroy v. Warren, 3 Johns. Cas. 259; Morrison v. Bailey, 5 Oh. St. 13; Kinyon v. Stanton, 44 Wis. 479; Howes v. Austin, 35 Ill. 396; Stewart v. Smith, 17 Oh. St. 82; Little v. Phenix Bank, 2 Hill, 425; Murray v. Judah, 6 Cow. 484, 490; Story, Prom. Notes, §§ 479, 498; Chitty, Bills, 515, note; 3 Kent, Com. (7th Ed.) 104, note; 2 Daniel, Neg. Inst. §§ 1586–1589; Pack v. Thomas, 13 Smedes & M. 11; True v. Thomas, 16 Me. 36,—were cited.

MITCHELL, J.

This was an action on a bank check payable on demand, of which the defendant was drawer and the plaintiff payee. The complaint alleged due and seasonable presentment of the check to the drawee bank for payment, and its dishonor, but did not allege notice to the defendant of its dishonor, or any excuse for not giving such notice. The defendant demurred to the complaint on the ground

that it did not state a cause of action, and from an order overruling its demurrer the defendant appealed.

The only question is whether it was necessary to allege in the complaint that notice of the dishonor was given to the defendant. We think that it was not, and that this logically follows from the points of difference between checks and bills of exchange, properly so called.

Defendant's counsel greatly rely on the somewhat noted case of Harker v. Anderson, 21 Wend. 372, in which Justice Cowen, in a very elaborate opinion, argued that a check is in all essential features a bill of exchange,—a doctrine long since thoroughly overturned. A check is in many respects so like a bill of exchange (payablè on demand) that it has often been termed a bill in cases in which it was unnecessary to draw any distinction between the two classes of instruments. Indeed, checks may properly be called a species of bill of exchange. But there is a well-recognized distinction between bills and checks as to the legal consequence (between the holder and the drawer) of neglect and delay in presentment and notice of dishonor.

It is true that indorsers of checks stand on the same footing in reference to the effect of such neglect and delay as indorsers of bills. But the drawer of a bill and the drawer of a check stand upon a very different footing. In the case of a bill of exchange, negligence in respect to presentment or notice of dishonor absolutely discharges the drawer. But the drawer of a check is regarded as the principal debtor, and the check purports to be made on a fund deposited to meet it; and negligence of the holder in not making due presentment, or in not giving notice of dishonor, does not discharge the drawer, unless he has suffered some loss thereby, and then only to the extent of such loss. He is, at most, entitled only to such presentment and notice as will save him from loss. 2 Daniel, Neg. Inst. § 1587.

It seems to us that it logically follows that in a suit against the drawer it is not necessary to allege, as a part of the cause of action, notice of dishonor or the absence of loss by reason of the failure to give such notice. As it is a general rule of pleading that a party is not bound to allege what he is not bound to prove to establish his

cause of action, it seems to us that whether it is necessary to plead notice of dishonor depends upon the question, upon whom is the burden of proof as to loss or no loss by reason of neglect to give such notice? It strikes us that, upon both principle and reason, it should be held that loss by reason of negligent delay, either in making presentment or in giving notice of dishonor, is a matter of defense to be pleaded and proved by the drawer, instead of requiring the holder to allege and prove a negative as to a matter peculiarly within the knowledge of the drawer.

Many of the text-books and digests cite a line of cases in support of the proposition that, where there has not been due presentment and notice, the burden of proof is upon the holder to show that the drawer has sustained no injury. But a careful analysis of these cases will show that very few of them fully sustain so broad a proposition. In almost all of them it appeared that there had been negligent delay in presenting the check and that in the meantime the drawee bank had failed and closed its doors, and the remarks of the court were made with reference to that state of facts. It may be correct to hold that the changed condition of the drawee bank raises a presumption of loss or makes out a prima facie case of loss which shifts the burden of proof upon the plaintiff. But that is a very different thing from holding that the burden is on the plaintiff in the first instance to prove that the drawer suffered no loss.

In some of the cases usually cited as holding that, in an action against the drawer of a check, it is necessary to allege presentment and notice of dishonor, or a legal excuse for their omission, the only question really before the court was whether the holder of a check could have recourse upon it against the drawer until presentment and dishonor, and it was properly held that he could not, for until payment has been demanded and refused there is no breach of the drawer's contract. Moreover, all the cases hold that this demand on the drawee may be made any time before suit. But the matter of notice of dishonor stands on an entirely different footing, and constitutes no part of the plaintiff's cause of action. In none of the cases which hold that it is necessary to allege notice of dishonor do we find the question discussed at any length,

or any good reason given for the decision.   In most of these cases the courts seem to have been influenced by the familiar rule pertaining to bills of exchange, and to have gone off on the exploded doctrine of Harker v. Anderson, supra, that a check is in all respects a bill of exchange.

As the question is merely one of pleading and practice, and not of general commercial law, and is one of first impression  in this state, we feel at liberty to decide it according to what we deem sound principle.   Our conclusion is that the complaint was not demurrable.

Order affirmed.