EMMA E. E. DOUGAN v. KENNEDY DOUGAN.[1]

November 13, 1903.

Nos. 13,716—(56).

**Divorce—Fraudulent Transfer of Property.**

In an action for divorce by the wife, the trial court found as a fact, in substance and effect, that some time previous to .the commencement of the action the husband had transferred practically all his property to third persons for the purpose of defrauding his creditors. *Held* that, in fixing the amount of alimony to be awarded the wife, it was proper to take into consideration the value of the property thus fraudulently transferred and concealed.

Appeal by defendant from an order of the district court for Hennepin county, Elliott, J., denying a motion for a new trial. Affirmed.

*A. B. Jackson*, for appellant.

*H. H. Potter*, for respondent.

BROWN, J.

Action for divorce and permanent alimony, in which plaintiff had judgment awarding her an absolute divorce and the sum of $3,000 alimony. Defendant moved for a new trial on the question of alimony, and appealed from an order denying the same.

The only question presented for consideration in this court is the propriety of the amount of alimony awarded plaintiff. Our statutes provide that the court may, upon divorce being granted, award and decree to the wife such alimony out of the estate of the husband as. it may deem just and reasonable, having regard to the ability of the husband and the character and situation of the parties, but the amount in any case shall not exceed in value one-third of the husband's total

[1] Reported in 97 N. W. 122.

estate. The court below found that defendant possessed property of the value of about $15,000, and awarded plaintiff the sum of $3,000— $2,000 less than what the statute would warrant. It is claimed that the court erred in allowing this amount, for the reason that the evidence is wholly insufficient to justify the conclusion that the husband's estate was of the value of $15,000, or anything more than a merely nominal amount.

The finding of the court is based upon the conclusion that the husband had a large amount of property which he had placed in the names of relatives and friends for the purpose of concealing it from his creditors, and in fact defrauding them; that at one time defendant owned a patent right, and was engaged in manufacturing what is called a "feed governor"; that he became indebted at a time when he resided in Montana, ten years or more ago; and transferred the patent to a brother; that he subsequently moved to Minneapolis, and after having been there engaged in the manufacture of the feed governor for a time, and subsequent to his marriage with plaintiff, he was instrumental in forming a corporation named the Columbian Feed Governor Company, to which he transferred and assigned practically all his property, including the patent right which had previously been held in the name of his brother. Most of the stock of this company was issued to his relatives; a number of shares to his wife, which she immediately indorsed in blank and returned to defendant; while but one share was issued to himself.

Our examination of the evidence, which has been with care, satisfies us that the findings of the trial court in this particular are sufficiently sustained by the evidence. That defendant was considerably in debt, and organized this corporation, causing the stock to be issued to his relatives as a mere shift and cover to keep his property from his creditors, seems about the only rational conclusion to reach from the evidence. Such being the fact, the question presented is whether the court may, in an action for divorce by the wife, in fixing the amount of alimony to be awarded her, take into consideration the value of the property thus transferred or concealed by the husband.

The authorities very generally sustain the right of the wife to maintain an action to set aside transfers made by the husband to defeat her claim to alimony. Stuart v. Stuart, 123 Mass. 370; Burrows v. Pur-

ple, 107 Mass. 428; Bailey v. Bailey, 61 Me. 361; Morrison v. Morrison, 49 N. H. 69. And no sound reason occurs to us why property transferred to defraud creditors, though the purpose may not have been to defraud the wife, may not be taken into consideration in fixing the amount of alimony to be awarded her. Such transfers are usually to relatives, but the use and benefit of the property are retained by the fraudulent debtor, and for all practical purposes the title and right thereto remain in him. When the purpose of the transfer is accomplished, and creditors successfully avoided, there is a retransfer of the property. It is true, perhaps, that the wife might not be able to enforce payment of her judgment, but this is unimportant and in no sense controlling upon the legal phases of the question; nor is it material that the payment of the alimony might perhaps be attempted to be compelled through contempt proceedings. If proceedings were brought for that purpose, and defendant should establish his inability to pay, for the reason that his property had been conveyed to others for the purpose of defrauding creditors or otherwise, it is not at all probable that the court would imprison him for disobedience of an order requiring payment to be made, if they refused to reconvey to him.

Of course, it is elementary that a person who transfers his property to another for the purpose of hindering and defrauding creditors cannot maintain an action to set aside his transfer; and it is possible that the transfer here in question cannot, in an action by plaintiff, be set aside. But the authorities above cited would sustain her right of action, if it appeared that the transfer had been made to defraud her and defeat her claim to alimony; and probably the same rule would apply to transfers made to defraud others, though there are authorities holding that she cannot maintain such an action where she was a party to the fraud. 2 Am. & Eng. Enc. (2d Ed.) 134, and cases cited. But we are not concerned with those questions at this time, and do not attempt to decide any issues which might be involved in such an action. The amount of alimony proper to be awarded plaintiff is the only question with which we are concerned, and we hold, without further discussion, that the court below properly took into consideration upon that question the value of the property fraudulently transferred and concealed by defendant.

Order affirmed.