FRANK S. MASON vs. CHARLES L. GARDNER, executor.

Hampden.    September 27, 1904. — October 18, 1904.

Present: KNOWLTON, C. J., BARKER, HAMMOND, LORING, & BRALEY, JJ.

*Gift, Donatio causa mortis.    Bills and Notes, Delivery.*

A promissory note of the donor cannot be made the subject of a *donatio causa mortis.*

A woman three days before her death signed two instruments in the form of promissory notes, payable on demand after her demise, and concluded each with the words " and I hereby charge my individual property and estate with the payment of this note." She placed these instruments with her bank books and other documents in the pocket of a skirt belonging to her and had the pocket sewn up. She retained control of the skirt but at night intrusted it to the payee of one of the notes, to be taken upstairs away from the open window, with the understanding that upon her death the whole package was to be delivered to the person named in her will as executor. *Held,* that the instruments, which were bad as promissory notes for want of a consideration, also were void for want of delivery, and, even if they had been good and there had been a delivery, such instruments could not be made the subject of a *donatio causa mortis.*

CONTRACT on two alleged promissory notes described in the first paragraph of the opinion. Writ in the District Court of Western Hampden dated July 11, 1901.

On appeal to the Superior Court the case was tried before *Maynard,* J., who, at the close of the plaintiff's evidence, ordered a verdict for the defendant. The plaintiff alleged exceptions.

*H. Fuller & R. J. Morrissey,* for the plaintiff.

*J. B. Carroll & W. H. McClintock,* for the defendant.

BARKER, J.    The plaintiff's mother and the plaintiff himself were distant relatives of the defendant's testatrix. She died on Thursday, June 8, 1899, leaving a will, made some little time before, in which she had made no provision in favor of the plaintiff or his mother. On June 5 the testatrix signed her name to two instruments of that date, one of which promised to pay the plaintiff on demand after her demise the sum of $300, and the other of which contained a like promise to pay $500 to the plaintiff's mother. Each instrument also concluded with these words, " and I hereby charge my individual property and estate with the payment of this note." On July 11, 1901,

the plaintiff's mother assigned to him by a writing the instrument promising to pay the $500, and on the same day the plaintiff brought this action seeking to recover the amounts named in the two instruments of June 5, 1899.

At the jury trial the plaintiff's mother, the plaintiff and a physician testified as witnesses, and, at the close of the plaintiff's evidence, the judge ruled that upon the evidence the plaintiff was not entitled to recover, and the case is here upon the plaintiff's exception.

We have carefully examined the statement of the evidence in the bill of exceptions and are of the opinion that the ruling was right.

Instruments like those in suit cannot be the subject of a valid *donatio causa mortis*. *Parish* v. *Stone*, 14 Pick. 198. Therefore to entitle the plaintiff to recover the evidence which he contended should be submitted to the jury must be such as to justify a finding that the promises of the testatrix were made upon legal consideration.

It would not be enough to justify a verdict for the plaintiff merely to produce evidence which would justify a finding that the deceased made the instruments to change in favor of the plaintiff's mother and himself the disposition of the deceased's property contained in the will which she previously had executed. *Parish* v. *Stone*, *ubi supra*. Nor would it be enough merely to introduce evidence that the promises were made because the promisees had been kind and friendly in their treatment of the promisor, and that she gave the promises to compensate them for services which they had rendered to her on the footing of friendship merely and without the intention of charging or receiving payment. Nor is the question the same which would have arisen if the plaintiff, after his formal proofs and placing the instruments themselves in evidence, had rested his case. He saw fit to go farther and to put in evidence all the circumstances of the promisor and of his own and his mother's intercourse with and relations towards her, and all that was said and done by the promisor in relation to the making of the instruments and to their custody down to and after her death. The ruling to which the plaintiff excepted was made upon all this evidence, and it cannot successfully be attacked if upon an

examination of the whole case there is no substantial evidence that the instruments were made upon a valuable consideration, or no substantial evidence that there was a complete delivery of them on the part of the promisor.  *Hillyer* v. *Dickinson*, 154 Mass. 502.

In the first place it seems to us to be plainly and conclusively proved by the testimony of the plaintiff himself, by that of his mother, and by that of the physician, that at the time when the instruments were made the promisor owed neither of the promisees any debt, and that neither of the promisees had ever rendered her any services on the footing of expected payment, or on any footing other than that of intimate friendship, save that some years before the plaintiff had painted the testator's house and had received for his work and materials full payment in money.

In the next place the testimony of the plaintiff's mother, who alone was present when the instruments were signed, and who alone knew of their existence and of the facts concerning their whereabouts down to the time of the death of the promisor, seems to us to show plainly that there was no delivery of the instruments by the promisor.  She had them placed with her bank books and other documents of her own in the pocket of a skirt belonging to herself, had the pocket sewn up, and intrusted the skirt and its contents as her own and to be kept for her during her life, to the plaintiff's mother only at night, that it might be taken upstairs away from the open window, and with the understanding that the whole package was upon her death to be given up to the person named in her will as executor.

Because we think that the only reasonable inference to be drawn from the whole of the evidence as it is disclosed to us is that there was no legal consideration for the promises contained in the instruments sued on, and no delivery of them by the promisor in her lifetime, we hold that the ruling was right.

*Exceptions overruled.*