### CARSON, PIRIE, SCOTT & CO. *v.* FINCHER.

1. BILLS AND NOTES—CHECKS—PRESENTMENT—NEGLIGENCE—DEFENSES AS AGAINST DRAWER.

   Delay in presentment of a check for payment, and failure to give notice of dishonor, is no defense to the drawer, where the latter had no funds in the bank to meet the check, and had no expectation that it would be paid.

2. SAME—QUESTION FOR JURY.

   Where, in an action by the holder against the drawer of a dishonored check, there was evidence that the drawer at the time he uttered the check had a balance in the bank less than the amount of the check, and had notice that the bank was weak, and of the dishonor of other checks, but gave no intimation thereof to plaintiff, plaintiff was entitled to go to the jury on the question whether the drawer had funds, or an expectation that the check would be paid, when it was drawn, though plaintiff was guilty of negligence in presentment, etc.

Error to Oceana; Russell, J.   Submitted November 17, 1904.   (Docket No. 106.)   Decided December 30, 1904.

Assumpsit by Carson, Pirie, Scott & Company against Francis W. Fincher and Charles Jensen, copartners as F. W. Fincher Company, to recover the amount of a protested check.   There was judgment for defendants on a verdict directed by the court, and plaintiff brings error. Reversed.

*Hartwick & Skeels,* for appellant.

*Nims, Hoyt, Erwin, Sessions & Vanderwerp,* for appellees.

HOOKER, J.   The first trial of this cause was reviewed by us, and the opinion filed therein will be found in 129 Mich. 687, where a general outline of the case is stated. Upon a second trial the court directed a verdict for the defendants, and the plaintiff has appealed.

The judgment must be reversed if there was any question that should have been submitted to the jury.   Our former decision sustained defendants' claim that a question of fact was raised as to whether defendants had funds in the bank, when the check was received by the bank, sufficient to pay this and all outstanding checks, and that defendants had a right to have that question submitted to the jury.   It was also said in the opinion that if there were sufficient funds to defendants' credit at that time, and the bank had funds, and the check would have been paid had it been duly and properly presented over the counter, the defendants would have been discharged · through the method of presentment; i. e., sending the check to the drawee by mail, with request to remit—in other words, making the drawee plaintiff's agent for collection.

In this case the evidence shows that the plaintiff did

not use diligence in presenting the check, inasmuch as it sent the same to the drawee, who did not pay it. It would follow that, in case of a loss by reason of the failure of the bank, such loss would fall upon the plaintiff, rather than the defendants, if they can be called innocent defendants. Authorities are numerous that delay in presentment and failure to give notice of dishonor cannot be successfully interposed as a defense in an action against the drawer, when it can be said that the drawer had no funds in bank, and had no expectation that the check could be paid.

It is contended in this cause that the defendants had issued checks to the full amount of their credits, and had not sufficient funds in bank to pay the check, and also for the reason that they had notice of the condition of the bank. Counsel claim that whereas it did not conclusively appear in that case that the bank had in its possession checks drawn by defendants and drafts sufficient to exhaust their balance, before they drew the check in question, on this trial there was such evidence, and again it is said that at the previous trial it did not appear that defendants had notice of the dishonoring of their checks before drawing the one in question, while upon the last trial that was shown by the introduction of a letter written to and received by defendants shortly before drawing the check in question, notifying them that their check had not been paid, and saying that, if their checks could not be paid more promptly, the writer could not accept them.

If the rule be as claimed, that want of notice is not a defense when the defendants knowingly overdrew and had no expectation of payment, as counsel apparently concede the rule to be, we think that plaintiff had a right to go to the jury upon that question. It is claimed that with a balance of less than the amount of the check in the bank, and with notice that the bank was weak, of which there was some evidence, and actual notice of the dishonor of its checks, defendants overdrew their account without intimation to the plaintiff of the dangers of the

situation.   It does not necessarily follow that the check was drawn without an expectation of payment, but the evidence tending to show these things, and that in denial and explanation and an agreement to honor overdrafts, raise a question of fact.

We must therefore reverse the judgment.   It is so ordered.

MOORE, C. J., and CARPENTER and GRANT, JJ., concurred.   MONTGOMERY, J., did not sit.