MARGARET E. RAND v. HENRY C. RAND and Others.[1]

December 13, 1907.

Nos. 15,355—(121).

**Divorce—Evidence.**

> In an action for divorce and alimony and to have the amount of recovery declared a specific lien upon certain real property alleged to have been placed by defendant in the name of a third person, impleaded as a party to the action, to conceal his ownership and defraud plaintiff, the evidence is considered, and *held* sufficient to support the findings of the trial court.

Action in the district court for Dodge county for divorce and alimony. Defendant Henry C. Rand did not appear or answer. The case was tried before Buckham, J., who made findings and ordered judgment in favor of plaintiff. The motion of defendant Anna Rand to amend the findings was denied. From certain portions of the judgment including that which made the amount of permanent alimony granted ($2,300) a specific lien upon certain real estate, defendant Anna Rand appealed. Affirmed.

*Savage & Purdy,* for appellant.

*S. L. Pierce,* for respondents.

BROWN, J.

Action for divorce and alimony and to have the amount of recovery declared a specific lien upon certain real property standing of record

[1] Reported in 114 N. W. 87.

in the names of defendants William H., James H., John, and Anna Rand, which the complaint alleged was in fact the property of defendant H. C. Rand, husband of ·plaintiff, and had been placed in the names of the defendants mentioned for the purpose of defrauding plaintiff. Judgment of divorce was granted, and the sum of $2,300 awarded plaintiff as permanent alimony, which was declared a specific lien upon certain real property of record in the name of defendant Anna Rand. The other defendants had judgment. Defendant Anna Rand appealed.

The only question presented by the assignments of error which are discussed in the briefs is whether the findings of the trial court are sustained by the evidence. Assignment 23, challenging the right of the court to award costs against appellant, is not covered by the brief of appellant, and will not be considered. Johnson v. Johnson, 57 Minn. 100, 58 N. W. 824; Dodge v. McMahan, 61 Minn. 175, 63 N. W. 487.

The record discloses substantially the following facts, which are in the main embodied in the findings: Plaintiff and defendant H. C. Rand were duly married in January, 1866, and have continuously since, up to the time of the judgment herein, been husband and wife. In September, 1903, defendant wilfully deserted and abandoned plaintiff, and after the first year of such desertion contributed nothing to her support or the support of their minor children, but, on the contrary, left them in a state of destitution. Defendant William H. Rand was born of that marriage, and defendant Anna Rand is his wife, or was until recently divorced. H. C. Rand is, and always has been, engaged in active business and capable of supporting comfortably his family. He met with reverses and became involved in various debts, some of which he firmly made up his mind never to pay, and to that end adopted some of the usual methods to carry his determination into effect. After the desertion of his wife, he carried on and conducted all his business transactions in the names of other persons, principally in that of his daughter-in-law, defendant Anna. The trial court found that he placed the title to the land involved in this action in her name for the express purpose of hindering, delaying, and preventing plaintiff from obtaining any claim thereto, or enforcing any judgment for alimony against the same, and to defraud plaintiff of her marital rights. The court also found that, at the time the title to the lands

was given to Anna, she was without means and unable to pay the purchase price therefor; that the lands were purchased and paid for by defendant with his own means, the title being held in trust by Anna for his use and benefit, in furtherance of the fraudulent purposes aforesaid, with the full knowledge and connivance of Anna. The value of defendant's interest in such land, over and above all incumbrances thereon, exceeds the sum of $7,000. These facts are, as stated, in the main embodied in the findings of the trial court, and a determination of the question presented, viz., whether they are sustained by the evidence, has necessitated a careful reading of a long record.

Our conclusion is, without entering into an extended discussion of the evidence, that the findings are amply sustained, and that, too, within the rule that fraud is never presumed, but must be shown by the person alleging it by clear and convincing proof. It is often difficult to prove the existence of fraud in cases of this kind by direct and positive evidence, and the courts are driven to a closer consideration of the badges of fraud, facts and circumstances, and those incidental items of evidence tending in the direction of good or bad faith. The close relations maintained between defendant and Anna, after the desertion complained of as the basis for a divorce between plaintiff and defendant, and the fact, which cannot well be disputed, that Anna was possessed of very limited means, to say the least, while defendant was actively engaged in business transactions, operating either in the name of his son, William H., or defendant Anna, and in reference to the purchase of the real estate here in question wielded the guiding hand, claiming to act for Anna, show with reasonable certainty that defendant was the real party in interest, and that the name of his relative was used as a cover to conceal the true ownership of the property. At any rate, these items of evidence in connection with other circumstances disclosed by the record, reasonably tend to support the charge of fraud, and are sufficient to preclude the reversal of the trial court in so finding.

Judgment affirmed.