## EMMA C. BAXTER v. A. BRANDENBURG.[1]

### June 22, 1917.

### Nos. 20,310—(136).

**Bank check — consideration — survival of action.**

> 1. Where a check is given for a valuable consideration, the drawer is the principal debtor, and, in the event of no funds in the bank to pay the check, he becomes absolutely liable to a suit thereon. This obligation survives the death of the drawer.

[1]Reported in 163 N. W. 516.

**Same — outlawed debt.**

2. An outlawed debt is a good consideration for a check. The check need not recite that such is the consideration.

**Same — husband's check in favor of wife.**

3. Where a husband buys property and takes title in the name of another with a trust in favor of himself, his wife has marital rights in such property, and her rights will form sufficient consideration for a check given by the husband to the wife in recognition of such rights.

**Same — question of consideration not·for jury.**

4. A check imports consideration, and, where all the testimony of several witnesses is to the effect that such matters formed the consideration for a check, the court will not be justified in submitting the question of consideration to a jury simply because the holder of the check at one time filed a proof of claim based on the check, which inferentially stated a consideration which was in fact invalid.

**Trial — submission to jury.**

5. The trial judge will not be required to submit a case to the jury if but one verdict could be allowed to stand.

Emma C. Baxter appealed to the district court for Otter Tail county from an order disallowing her claim against the estate of L. L. Baxter, deceased. The appeal was tried before Nye, J., who granted a motion for a directed verdict in favor of Emma C. Baxter for $4,360. From an order denying his motion for judgment notwithstanding the verdict or for a new trial, A. Brandenberg, executor of the estate, appealed. Affirmed.

*M. J. Daly* and ·*N. F. Field,* for appellant.

*James A. Brown, S. R. Child* and *Sherman Child,* for respondent.

HALLAM, J.

Luther L. Baxter, for more than 25 years a judge of the district court of this state, ·died May 22, 1915. He had been married three times. By his first wife he had one son, Chauncey L. Baxter. By his second wife he had one daughter, Bertha Baxter. Plaintiff was his third wife. She has no children.

On March 3, 1915, Judge Baxter gave to plaintiff a check for $4,000 on the Fergus Falls National Bank. He had on deposit in the bank $362.68. The check was not paid. Neither party expected it would

be paid at that time. He later gave plaintiff two checks on another bank, one for $400 and one for $300, with not sufficient funds to meet them.

Judge Baxter's estate was appraised at $23,363.79. After probate proceedings were commenced, plaintiff filed a claim in probate court for $4,700. The proof of claim alleged: "That at the time of his death, the above named Luther L. Baxter was justly indebted to the affiant in the sum of forty-seven hundred dollars ($4700.00). Said indebtedness arose and was incurred as follows:

"Between the 1st day of February, and the 8th day of May, 1915, affiant, H. Emma C. Baxter, at the special instance and request of deceased performed work, labor and services for the deceased. That hereto annexed, herewith filed and hereby made a part hereof is a true and correct statement of the items of such account. That said work, labor and services were reasonably worth the sum of Forty-seven hundred dollars ($4700.00) which said deceased promised to pay affiant therefor. No part of said sum has been paid.

"Deceased on March 3, 1915, made and delivered to affiant his check for the sum of Four thousand dollars ($4000.00) and on April 3, 1915, made and delivered to affiant his check for the sum of Four hundred dollars ($400.00), and on May 8, 1915, made and delivered to affiant his check for the sum of Three hundred dollars ($300.00). Copies of all three of said checks are hereto attached, marked 'Exhibit 1,' 'Exhibit 2' and 'Exhibit 3' respectively and are hereby made a part hereof. No part thereof has been paid.

"There is now due and owing to affiant H. Emma C. Baxter on account thereof from the estate of said deceased, the sum of Forty-seven hundred dollars ($4700.00) with interest on $4000.00 since March 3, 1915, on Four hundred ($400.00) since April 3, 1915, and on Three hundred dollars ($300.00) since May 8, 1915."

Attached to the proof of claim were the checks as Exhibits 1, 2, and 3, and Exhibit 3-a as follows:

"Emma C. Baxter, Dr., in account with the estate of Luther L. Baxter, Deceased.

"To services for one year and three months at the agreed price and reasonable value of $4700.00."

The probate court disallowed the claim *in toto*. On appeal to the district court, issues were framed, no claim was made except on the checks and no statement was made as to their consideration. The court directed a verdict for the plaintiff for the amount of the $4,000 check. The executor appeals.

There is no doubt that Judge Baxter gave to his wife this $4,000 check, and that when he did so he expected it to be effective. He was an invalid at the time, but there is no evidence that he was not competent to transact this business, nor is there any evidence that he was subjected to any duress or undue influence.

1. Where a check is given for a valuable consideration, the drawer is the principal debtor (Daniel, Neg. Inst. 6th ed. § 1587), and, in the event of no funds in the bank to pay the check, he becomes absolutely liable to a suit thereon. Spink & K. Drug Co. v. Ryan Drug Co. 72 Minn. 178, 75 N. W. 18, 71 Am. St. 477; Beauregard v. Knowlton, 156 Mass. 395, 31 N. E. 389; Carson, Pirie, Scott & Co. v. Fincher, 138 Mich. 666, 101 N. W. 844; Bell v. Alexander, 21 Gratt. 1, 6.

It is clear without argument that such an obligation must survive the death of the drawer of the check.

2. The one claim is that this check was without consideration. On this point plaintiff testified as follows: "It was to pay me for money that I loaned Mr. Baxter when we were first married and to compensate me for my third in the property that he transferred to his daughter regardless of my marriage rights."

In fact, $300 was loaned in 1882 and $200 in 1885. These old debts, though outlawed, formed a sufficient consideration for a check for the amount of them. 7 Cyc. 717; 8 Corpus Juris, 234. See Rogers v. Stevenson, 16 Minn. 56 (68); Higgins v. Dale, 28 Minn. 126, 9 N. W. 583; Brown v. Akeson, 74 Kan. 301, 86 Pac. 299; Muir v. Kane, 55 Wash. 131, 104 Pac. 153, 26 L.R.A.(N.S.) 519, 19 Ann. Cas. 1180.

It was not necessary that the check state that these debts formed any part of the consideration. If a promise sued on is a mere promise to pay an outlawed debt, the debt must be identified. Denny v. Marrett,

29 Minn. 361, 13 N. W. 148; 25 Cyc. 1330; Whitney v. Reese & Heylin, 11 Minn. 87 (138); Smith v. Moulton, 12 Minn. 229 (352). But this rule does not change the law of negotiable instruments. It is not necessary that a negotiable instrument should specify the consideration for which it was given, whether given for an outlawed debt or for any other consideration.

3. We are of the opinion that the other consideration mentioned was a sufficient one. The facts were that in 1890 deceased bought a house and lot and procured it to be leased to himself for life, and the fee to be conveyed without consideration to his daughter Bertha, then a child 12 years old. In 1905 he purchased a second house and lot and procured it to be conveyed to a friend, and later to his daughter Bertha for a nominal consideration. Bertha gave back a power of attorney to collect the rents of the property and turn them over to deceased during life. These two properties were worth $8,000.

It is well settled that a wife has marital rights in property purchased by her husband, the title to which is taken in another in trust for the husband. Rand v. Rand, 103 Minn. 5, 114 N. W. 87; Smith v. Wold, 125 Minn. 190, 192, 145 N. W. 1067. It follows that after the husband's decease, the widow has rights in property so taken and held. If a claim of that sort had been made by plaintiff, the assertion of such a claim would have furnished a sufficient basis and consideration for a substantial compromise and settlement. That Judge Baxter did not wait for his wife to assert a claim does not minimize the consideration. These facts constituted a valid consideration for a check given to plaintiff in recognition of her marital rights in these parcels of land.

4. The only question that gives us trouble is the question whether the case should have been submitted to the jury.

The only possible question of fact to be submitted was the question, not whether the facts mentioned were sufficient to make a consideration for a $4,000 check, but whether the check was in fact given for such consideration. The executor claims they were not. The only tangible basis for this claim is the fact that plaintiff made the proof of claim above quoted, in which it is said she alleged the consideration to be personal services rendered by plaintiff, and there were in fact no services which would form a consideration for this check.

Plaintiff is not estopped by her proof of claim any more than she would have been by a pleading which was later amended. Such a pleading is not conclusive against the party by whom it is interposed. Vogel v. D. M. Osborne & Co. 32 Minn. 167, 20 N. W. 129; Reeves & Co. v. Cress, 80 Minn. 466, 83 N. W. 443; Stearns v. Kennedy, 94 Minn. 439, 444, 103 N. W. 212.

The proof of claim was admissible as evidence impeaching that given by plaintiff. Hawkins v. Sauby, 48 Minn. 69, 50 N. W. 1015; Anderson v. Liljengren, 50 Minn. 3, 52 N. W. 219. But the consideration of this check was proven by evidence other than that of plaintiff. The check is "a species of bill of exchange," Spink & K. Drug Co. v. Ryan Drug Co. 72 Minn. 178, 75 N. W. 18, 71 Am. St. 477, and itself imported a consideration. G. S. 1913, § 5836; Wasgatt v. First Nat. Bank, 117 Minn. 9, 134 N. W. 224, 43 L.R.A.(N.S.) 109, Ann. Cas. 1913D, 416. Two witnesses testified that Judge Baxter told them he had given this check to settle "a kind of dower" interest in these pieces of property. If the credit of plaintiff's testimony were wholly destroyed, still, the court, in view of the presumption of consideration and the uncontradicted evidence of these witnesses, would have been obliged to direct a verdict for the plaintiff.

Sometimes a previous admission by a party may be effective, not only to impeach and destroy his own testimony, but to raise an issue, notwithstanding the testimony of other witnesses otherwise undisputed. We have given this phase of this case due consideration. The proof of claim does not, in terms, purport to state the consideration for the check. That it was given for services only, appears only inferentially from the fact that all the checks aggregate the amount alleged as the value of the services and that only once that amount is claimed. If it had been necessary to state in the proof of claim the consideration for the checks, it would only be by a very liberal construction that we could hold that a consideration was expressed. The allegations of the proof of claim are about as consistent with a purpose to state two causes of action as one.

5. We are of the opinion that a verdict predicated on the theory that the $4,000 check was given in consideration of services could not be sustained. It may be that it cannot be said that there is not a scintilla

of evidence to that effect, but, for the reasons stated, we think there is not enough basis for such a contention to warrant our setting aside the judgment directed by the court. If the judge could not permit a verdict against the plaintiff to stand, he should not be required to submit the case to the jury with the full consciousness that if an adverse verdict is rendered he will be obliged to set it aside. Giermann v. St. Paul, M. & M. Ry. Co. 42 Minn. 5, 43 N. W. 483; Krenz v. Lee, 104 Minn. 455, 116 N. W. 832; Webber v. Axtell, 110 Minn. 52, 124 N. W. 453.

Order affirmed.