**MARUSKA v. EQUITABLE LIFE ASSUR. SOC. OF UNITED STATES et al.**

No. 3005.

District Court, D. Minnesota, Third Division.

Jan. 18, 1938.

W. J. Giberson and W. H. Fallon, both of St. Paul, Minn., for plaintiff.

David W. Raudenbush, of Kellogg, Morgan, Chase, Carter & Headley, of St. Paul, Minn., for defendant Equitable Life Assur. Soc. of United States, a corporation.

SULLIVAN, District Judge.

This matter came on for hearing on the motion of the plaintiff for an order of this court remanding the above-entitled action to the District Court of Ramsey county, Minn. Said cause was heretofore removed from the state court to this court on the petition of the defendant Equitable Life Assurance Society of the United States, which petition alleged that the complaint in the first cause of action discloses a separate controversy between the plaintiff and said petitioner, who are citizens of different states, and that the amount involved is in excess of $3,000, and to which controversy the defendant Louis H. Jacobi is improperly included as a defendant in said purported cause of action, in that the complaint against said Louis H. Jacobi is insufficient in law for the reason that it fails to state facts sufficient to constitute a cause of action against the said codefendant.

The pertinent part of the statute applicable, 28 U.S.C.A. § 71, reads as follows:

"And when in any suit mentioned in this section there shall be a controversy which is wholly between citizens of different States, and which can be fully determined as between them, then either one or more of the defendants actually interested in such controversy may remove said suit into the district court of the United States for the proper district."

Briefly summarized, the first cause of action set out in the complaint of the plaintiff herein charges a conspiracy on the part of the defendants and her husband, Frank M. Maruska, to defraud her of her marital interest in her husband's property. The property of which she claims she was defrauded was in part personalty, namely, money, and in part the proceeds of the sale of the homestead of the plaintiff, Anna Maruska, and her husband.

The plaintiff alleges in her complaint that the plaintiff, Anna Maruska, contemplated securing a divorce from her husband, Frank M. Maruska, and that Frank M. Maruska counseled with the defendant Louis H. Jacobi relative to the concealment of his, Maruska's, property by so arranging his financial affairs that it would be impossible for the plaintiff, Anna Maruska, to secure any of said property, either as money for her support and maintenance, or as alimony in the event of a judgment for a divorce; that with such knowledge the defendant Jacobi conspired with the said Frank M. Maruska, and with the officers and agents of the defendant corporation, with reference to a scheme, or an arrangement of his affairs, whereby the plaintiff, Anna Maruska, would be deprived of any right she might have in his, Frank M. Maruska's estate. And it is further alleged in the complaint, in said first cause of action, that such conduct on the part of the defendants was in fraud of the rights of the plaintiff, Anna Maruska, as the spouse of said Frank M. Maruska, and that by reason of such fraudulent conduct of the defendants in issuing to the decedent a certain annuity contract, the plaintiff, Anna Maruska, was thereby deprived of rights in her husband's property created by her marital status, and in rights in and to his estate upon his death.

1. There is a well-defined line of demarcation between a wife's interest in the real estate owned by her husband during coverture, and her interest in his personal property. See Hentges v. Hoye, 158 Minn. 402, 197 N.W. 852.

With respect to personal property, there are no statutes in the state of Minnesota conferring any power upon a wife to restrain or control her husband's disposition thereof, with the possible exception of the Uniform Fraudulent Conveyances Act, Mason's Minn.St.1927, § 8467 et seq. The husband has absolute power to dispose of his personal property, providing that no fraud be committed against his wife's marital rights. See Smith v. Wold, 125 Minn. 190, 145 N.W. 1067.

The transaction involved in this suit is the purchase of an annuity contract by the deceased during his lifetime; it is

not a "gift," so the question of the right of the husband to make "gifts" is not involved, but the question relates to the power of the husband to use his personal property in the purchase of a contract beneficial to himself. A husband has the right during coverture to dispose of his personal property without the consent of his wife, providing the same does not constitute an interference with her right of inheritance, and providing also that the same is not a colorable transaction, and done for the purpose of defeating the wife's matured or potential right to separate maintenance or alimony. For a full discussion of the above question, see James S. Wright v. Laura I. Holmes, 100 Me. 508, 62 A. 507, 3 L.R.A.,N.S., 769, 4 Ann. Cas. 583.

There is no claim made in the first cause of action of the complaint that the transaction was had to defeat any right of inheritance the plaintiff, Mrs. Maruska, might have in the personal property of her husband. The claim is made, however, that the annuity contract was purchased for the purpose of defeating any possible claim that the plaintiff, Mrs. Maruska, might gain or receive from a decree of divorce, or a judgment in a suit for separate maintenance wherein alimony or separate maintenance were respectively provided in a possible suit which she contemplated bringing against her husband.

At the time of the purchase of the contract, Anna Maruska was not a creditor of her husband within the purview of the Uniform Fraudulent Conveyances Act. Byrnes v. Volz, 53 Minn. 110, 54 N.W. 942; Cochran v. Cochran, 96 Minn. 523, 105 N.W. 183; Rand v. Rand, 103 Minn. 5, 114 N.W. 87; Baxter v. Brandenburg, 137 Minn. 259, 163 N.W. 516; Stephon v. Topic, 147 Minn. 263, 180 N.W. 221; Dougan v. Dougan, 90 Minn. 471, 97 N.W. 122; Smith v. New York Life Ins. Co., C.C., 57 F. 133.

The death of her husband destroyed any possibility of the plaintiff, Anna Maruska, becoming a creditor of her husband. The husband having died, no suit for divorce or separate maintenance could be instituted or maintained by the wife. See Vollmer v. Vollmer, 47 Idaho 135, 273 P. 1; Rosa v. Rosa, Mass., 5 N.E.2d 417; Cardinale v. Cardinale, Cal.Sup., 68 P.2d 351; Schneider v. Grimes, 156 Minn. 25, 193 N.W. 942; Gunderson v. Gunderson, 163 Minn. 236, 203 N.W. 786; Tikalsky v. Tikalsky, 166 Minn. 468, 208 N.W. 180.

If the cause of action set out in the first cause of action of the complaint herein was based solely upon the use of the personal property in the purchase of the annuity contract, there would be grave doubt in the mind of the court of the sufficiency of the complaint as against either of the defendants.

2. There is to be considered, however, in determining the sufficiency of the first cause of action, the allegations with respect to the sale of the homestead, and the use of the proceeds thereof in the purchase of the annuity contract.

In paragraph V of the complaint it is alleged, among other things, that "The deceased was desirous of so arranging his financial affairs that it would be impossible for the plaintiff to secure any part of his property as alimony, support money, maintenance or as a division of his property in case either of said actions was brought by the plaintiff. That all of these facts were known to the defendants. That then and there the deceased, the defendants, and other officers and agents of the defendant corporation, conspired each with the other to so arrange the financial affairs of the deceased as to deprive the plaintiff of any money or property she might otherwise receive or be awarded from the money or property of the deceased during his lifetime or after his death."

In paragraph VI of the complaint it is alleged as follows:

"That in furtherance of this design the deceased undertook to sell and did sell his homestead formerly occupied by him and plaintiff as their home, located at 136 E. Colorado Street in the City of Saint Paul and otherwise described as:

"'East One Third (E 1/3) of Lots One and Two and North Three-Tenths (N 3/10) of East One Third (E 1/3) of Lot Three, Block Twenty, West St. Paul Proper, St. Paul, Ramsey County, Minnesota.'

"That it was necessary that the Plaintiff sign the deed to said property and that in order to induce Plaintiff to sign said deed the deceased promised and agreed to pay to plaintiff one-half (1/2) of the price for which said property was sold, to-wit: The sum of Twelve Hundred Dollars ($1200). That the plaintiff did sign said deed, relying on said promise

and said property was sold for the price aforesaid, paid in cash, and the deceased failed and refused to pay said alimony or any part thereof to Plaintiff."

In paragraph VII of the complaint it is alleged as follows:

"That on the 9th day of July, 1934, and for some time prior thereto, the deceased was the owner of a large sum of money, the exact amount of which is to the Plaintiff unknown, which fact he kept concealed from this Plaintiff and he was induced by the defendants and other officers and agents of the Defendant Corporation acting in its behalf to leave said money on deposit with the Defendant Corporation for the purpose of concealing said money from this Plaintiff."

The defendants are charged with a conspiracy to aid Frank M. Maruska in disposing of and concealing his assets from his wife, and it appears from the complaint with sufficient certainty that the defendants knew that a part and portion of the money used in the payment of the purchase price of the annuity was obtained from the proceeds of a sale of the homestead, and knew that the purpose of the purchase of the annuity was perpetrated in fraud of the wife's marital rights in and to the homestead, or the proceeds of a sale thereof.

In the case of Powers v. Chesapeake & Ohio Railway Company, 169 U.S. 92, 18 S.Ct. 264, 265, 42 L.Ed. 673, suit was brought against a railroad company and several of its servants for an injury alleged to have been caused by the joint negligence of all. Mr. Justice Gray, in delivering the opinion of the court, said:

"It is well settled that an action of tort, which might have been brought against many persons or against any one or more of them, and which is brought in a state court against all jointly, contains no separate controversy which will authorize its removal by some of the defendants into the circuit court of the United States, even if they file separate answers and set up different defenses from the other defendants, and allege that they are not jointly liable with them, and that their own controversy with the plaintiff is a separate one; for, as this court has often said: 'A defendant has no right to say that an action shall be several which the plaintiff seeks to make joint. A separate defense may defeat a joint recovery, but it cannot deprive a plaintiff of his right to prosecute his suit to final decision in his own way. The cause of action is the subject-matter of the controversy, and that is, for all the purposes of the suit, whatever the plaintiff declares it to be in his pleadings.'"

If the owner of a homestead is married, no mortgage of the same, except for purchase money unpaid thereon, nor any sale or any alienation thereof, shall be valid without the signature of both husband and wife. See section 8340, Mason's 1927 Minnesota Statutes.

Upon the death of the spouse holding the fee title to the homestead, the surviving spouse takes the homestead right, not by virtue of any right of survivorship, but as property set apart by law from decedent's estate for the benefit of the surviving spouse or her children. See section 8341, Mason's 1927 Minn.Statutes, Homestead Exemption; section 8992—27, Mason's 1927 Minnesota Statutes 1936 Supp., Descent.

The homestead rights in this state are defined by section 8336, Mason's 1927 Minnesota Statutes.

It is charged in the complaint that the plaintiff, Anna Maruska, was induced by fraud and the deception of her husband, Frank M. Maruska, to sign a deed conveying their homestead. She claims that her husband promised to give her one-half of the proceeds of the sale of such homestead; that the defendant corporation and its agent Jacobi knew of the representations made to the wife by her husband; that the husband did not deliver or pay over to her the portion of the proceeds of the sale of the homestead agreed upon, but used it or a part of it in the purchase of an annuity contract referred to in the complaint, all with the knowledge and consent of the defendants.

The plaintiff in this case is entitled to follow the proceeds of the sale of the homestead, or so much of it as went into the purchase of the annuity contract.

It is stated in Tomlinson v. Kandiyohi County Bank, 162 Minn. 230, 202 N.W. 494, on page 495, as follows: "If the wife has been wrongfully induced by fraud or deception to sign a release or conveyance of their homestead rights, either by her husband or by a third party, she is entitled, in a court of equity, to have such a conveyance set aside and to be restored to her rights." See, also, Shearer v. Barnes,

118 Minn. 179, 136 N.W. 861; Cisewski v. Cisewski, 129 Minn. 284, 152 N.W. 642; Colby v. Street, 146 Minn. 290, 178 N.W. 599.

3. Reading the entire complaint, and taking it as a whole, it is apparent that the theory upon which it was drawn is that there was a joint participation by the two defendants named, together with Frank M. Maruska, in a common scheme.

A corporation can act only through its officers and agents. See Martin v. Eagle Picher Lead Company, D.C., West.Dist.Mo., 21 F.Supp. 142.

It is stated in St. Clair v. Cox, 106 U.S. 350, on page 353, 1 S.Ct. 354, 27 L.Ed. 222, that a corporation, being an artificial being, can act only through its agents.

The corporation, its agent Jacobi, and Frank M. Maruska are alleged to have worked for a common unlawful purpose, namely, the deprivation of Anna Maruska, the widow of the deceased Frank M. Maruska, of her estate and interest in and to the proceeds of the sale of the homestead. See paragraphs V, VI, and VII of the complaint.

There are two causes of action set out in the complaint. It is settled law that when in a case there are two causes of action, one of which cause is removable into the federal court and the other not removable, a removal into the federal court of the cause of action which may be removed brings the entire case into the federal court. See Mecom v. Fitzsimmons Drilling Co., 10 Cir., 47 F.2d 28; Geer v. Mathieson Alkali Works, 190 U.S. 428, 23 S.Ct. 807, 47 L.Ed. 1122.

The right of removal depends upon the case disclosed by the pleadings. See Barney v. Latham, 103 U.S. 205, 26 L.Ed. 514.

All the cases clearly hold that in passing upon a motion to remand, the court is required to consider, and to consider only, the allegations of the pleading. It may be that the state court will not hold the pleading to be good. It is argued by the nonresident defendant that the complaint is fatally defective as against the resident defendant Jacobi, and it necessarily follows that if said argument is good, that the complaint is equally defective against the nonresident defendant. This does not change the character of the action which the plaintiff has seen fit to bring, or change an alleged joint cause of action into a separable controversy for the purpose of removal. The case cannot be removed from state court into federal court unless it is one which presents a separable controversy wholly between citizens of different states. In determining this question, the law looks to the case made in the pleadings, and determines whether the state court shall be required to surrender its jurisdiction to the federal court.

The case as presented in the pleadings does not disclose a separable controversy wholly between citizens of different states.

The court cannot, in disposing of a motion to remand, permit itself to be swayed by its opinion as to the real merits of the suit. There will be a trial of the action, and at that time the question of proof, as distinguished from allegations in the pleadings, will be properly before the trial court, but on the complaint herein, the trial must take place in the state court, and not in the federal court. In view thereof, the motion to remand should be sustained, as the federal court would be without jurisdiction.