EDWARD JOSEPH SMITH & another *vs.* BLANCHE P.
GENTILOTTI, executrix.

Worcester.    December 9, 1976. — February 8, 1977.

Present: HENNESSEY, C.J., QUIRICO, BRAUCHER, KAPLAN, & LIACOS, JJ.

*Negotiable Instrument,* Indorsement, Presentment, Consideration, Testamentary nature.

A check for $20,000, payable to the plaintiff, executed in 1969 and postdated to 1984, and indorsed by the drawer, "For Edward Joseph Smith Gentilotti My Son If I should pass away The amount of $20000.00 dollars Shall be taken from My Estate at death," was a valid negotiable instrument, payable upon the drawer's death. [839-841]

PETITION IN EQUITY filed in the Probate Court for the county of Worcester on December 18, 1973.

The case was reported by *Conlin,* J., to the Appeals Court. The Supreme Judicial Court, on its own initiative, ordered direct review.

*Stephen P. Weitz* for the plaintiffs.
*William A. Murray, III,* for the defendant.

BRAUCHER, J.    The plaintiffs, mother and son, sued the father's executrix on an instrument in the form of a check payable to the order of the son for $20,000, executed by the father in 1969 and delivered to the mother, postdated November 4, 1984. The check was indorsed by the father as follows: "For Edward Joseph Smith Gentilotti My Son If I should pass away The amount of $20000.00 dollars Shall be taken from My Estate at death. S. Gentilotti 11-25-69". A judge of the Probate Court reported the case under G. L. c. 215, § 13, and we brought it here on our own motion. We hold that judgment should be entered for the plaintiffs.

We summarize the judge's findings, based on stipulations of the parties and the testimony of the mother. The father's will is dated August 1, 1962. The son was born in

Michigan on November 4, 1964. From August 1, 1964, to September 15, 1972, the father paid the mother more than $14,000 by forty-nine checks and paid her additional sums in cash; she also received stock later sold for $1,500. From time to time the father asked the mother whether she still had the check in suit, expressed approval that she still had it, and requested her to keep it. Both mother and father expected it to be enforceable. She did not transfer or negotiate the check, and did not bring any paternity proceedings against the father. He died May 31, 1973. Demand for payment has been duly made and refused.

The case is governed by the Uniform Commercial Code, G. L. c. 106. Under § 3-104, the instrument in question is on its face a check drawn on a bank in Milford, Massachusetts, payable on demand, and a negotiable instrument. Its negotiability is not affected by the fact that it was post-dated fifteen years; the time when it is payable is determined by the stated date. § 3-114 (1), (2). The indorsement modifies the check by providing for acceleration of the time of payment and for direct payment by the drawer's estate. Cf. *McQuesten* v. *Spalding*, 231 Mass. 301, 303 (1918) (pre-code demand note modified by indorsement providing for extension of time of payment). The acceleration provision is authorized by § 3-109 (1) (*c*). As for direct payment, the drawee bank was not authorized to pay the check more than ten days after the drawer's death, if it knew of the fact of death. § 4-405. Hence presentment to that bank was entirely excused as a futile gesture. § 3-511 (2). Cf. *Beauregard* v. *Knowlton*, 156 Mass. 395, 396 (1892) (no funds check). Thus, the provision for direct payment merely restates the result prescribed by law. §§ 3-413 (2), 3-507 (1) (*b*). We need not consider the plaintiff's argument that the indorsement is a draft drawn on the drawer, effective as a note under § 3-118 (*a*).

The principal contentions of the defendant are, first, that the instrument sued on is not a negotiable instrument, and, second, that it is unenforceable for want of consideration or reliance. We hold that the instrument was a nego-

tiable instrument. The plaintiffs, unless they have the rights of a holder in due course, took the instrument subject to the defense of want of consideration. §§ 3-306 (c), 3-408. But the signatures were admitted, and in such cases "production of the instrument entitles a holder to recover on it unless the defendant establishes a defense." § 3-307 (2). Cf. *Loew* v. *Minasian*, 361 Mass. 390 (1972) (summary judgment for plaintiff). The judge here did not find that the defense of want of consideration had been established, and neither his findings nor the stipulation and evidence compel such a finding. Contrast *Mason* v. *Gardner*, 186 Mass. 515, 517 (1904).

The defendant suggests that the instrument was given in lieu of an inheritance. She does not argue that, if otherwise valid, it fails because it is testamentary in character. Such an argument could not prevail, since a valid contract may properly serve as a substitute for a will. See *Blanchette* v. *Blanchette*, 362 Mass. 518, 524-526 (1972), and cases cited; Annot., 1 A.L.R.2d 1178, 1226-1232 (1948); cf. *Whitehouse* v. *Whitehouse*, 90 Me. 468, 478 (1897) (postdated check).

Judgment is to be entered for the plaintiffs.

*So ordered.*