■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDDIE HAYES, Appellant.—Harvey, J. Appeal from a judgment of the Supreme Court (Crew, III, J.), rendered February 3, 1986 in Chemung County, upon a verdict convicting defendant of the crime of criminal possession of a forged instrument in the second degree.

On June 29, 1985 defendant was arrested after he allegedly attempted to cash a welfare check with a forged payee in-

dorsement. The check involved had been issued by the Chemung County Department of Social Services and was postdated July 1, 1985. Defendant was subsequently indicted and brought to trial for criminal possession of a forged instrument in the second degree. The jury returned a guilty verdict and defendant was sentenced as a predicate felon to a term of imprisonment of 2 to 4 years. This appeal ensued.

Defendant contends that Supreme Court erred in refusing to grant his request to permit the jury to consider the lesser included offense of criminal possession of a forged instrument in the third degree. A defendant is entitled to a lesser included offense charge upon a showing that (1) it is impossible to commit the greater crime without committing the lesser, and (2) there is a reasonable view of the evidence which supports a finding that he committed the lesser offense but not the greater *(People v Glover,* 57 NY2d 61, 63). The People do not contest that the first prong of this test was satisfied. However, they argue that no reasonable view of the evidence supports the second prong of the test.

Criminal possession of a forged instrument in the second degree requires that the forged instrument be of the type specified in Penal Law § 170.10 *(see,* Penal Law § 170.25). Penal Law § 170.10 (1) includes forgeries of a "commercial instrument * * * or other instrument which does or may evidence, create, transfer, terminate or otherwise affect a legal right, interest, obligation or status". Defendant asserts that since the check involved in this case was postdated, it was not a "commercial instrument" or "other instrument" within the meaning of the statute. We cannot agree. Although a postdated check may not technically be properly payable prior to the date stated on the check, it nevertheless remains a negotiable commercial instrument (UCC 3-114 [1]; *Allied Color Corp. v Manufacturers Hanover Trust Co.,* 484 F Supp 881; *Smith v Gentilotti,* 371 Mass 839, 359 NE2d 953; White and Summers, Uniform Commercial Code § 17-3, at 659-661 [2d ed]). A postdated check thus falls squarely within the dictates of Penal Law § 170.10 (1). We conclude that Supreme Court correctly determined that no reasonable view of the evidence would permit a finding that defendant committed the lesser offense of criminal possession of a forged instrument in the third degree without committing the greater offense of possession of a forged instrument in the second degree. Accordingly, defendant was not entitled to have the jury consider criminal possession of a forged instrument in the third degree as a lesser included offense.

Defendant's remaining contentions, that Supreme Court failed to adequately charge the jury as to the definition of a forged instrument and that the People failed to prove the forged check was a "commercial instrument" or "other instrument", have been considered and found meritless.

Judgment affirmed. Mahoney, P. J., Casey, Weiss, Mikoll and Harvey, JJ., concur.