THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAY GAUSE, Appellant. [770 NYS2d 531]—

Appeal from a judgment of Monroe County Court (Connell, J.), entered September 14, 2001, convicting defendant after a jury trial of forgery in the second degree (eight counts) and petit larceny.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously modified on the law by reversing those parts convicting defendant of forgery in the second degree under counts one through eight of the indictment and vacating the sentences imposed thereon and as modified the judgment is affirmed, and a new trial is granted on those counts of the indictment.

Memorandum: Defendant appeals from a judgment convicting him after a jury trial of eight counts of forgery in the second degree (Penal Law § 170.10 [1]) and one count of petit larceny (§ 155.25). We agree with defendant that County Court erred in denying his request to charge forgery in the third degree (§ 170.05) as a lesser included offense of forgery in the second degree with respect to counts one through eight, and we therefore conclude that defendant is entitled to a new trial with respect to those counts.

Defendant worked as a shipping clerk for a Staples distribution center, and his duties included completing shipping and tracking labels to aid in the delivery of packages. Using shipping labels that he prepared, defendant sent eight packages to

his own house containing items that he did not purchase, totaling $400 to $500 in value.

Penal Law § 170.10 (1) provides in relevant part that "[a] person is guilty of forgery in the second degree when, with intent to defraud, deceive or injure another, he falsely makes, completes or alters a written instrument which is or purports to be, or which is calculated to become or to represent if completed: (1) A . . . commercial instrument . . . or other instrument which does or may evidence, create, transfer, terminate or otherwise affect a legal right, interest, obligation or status . . . ." Penal Law § 170.05 provides that "[a] person is guilty of forgery in the third degree when, with intent to defraud, deceive or injure another, he falsely makes, completes or alters a written instrument." The parties are correct that forgery in the third degree is a lesser included offense of forgery in the second degree (see People v Hayes, 133 AD2d 934, 935 [1987], lv denied 70 NY2d 1006 [1988]). Furthermore, "there is a reasonable view of the evidence in [this] case that would support a finding that [defendant] . . . committed the lesser offense but not the greater" (People v Glover, 57 NY2d 61, 63 [1982]; cf. Hayes, 133 AD2d at 935). The element in forgery in the second degree not present with respect to forgery in the third degree is the requirement that the writing must "affect a legal right, interest, obligation or status" (§ 170.10 [1]). We agree with defendant that a shipping label may be viewed as merely directing delivery of an item without affecting the legal right to the item. We therefore modify the judgment by reversing those parts convicting defendant of forgery in the second degree under counts one through eight of the indictment and vacating the sentences imposed thereon, and we grant a new trial on those counts. Present—Pigott, Jr., P.J., Green, Scudder, Gorski and Lawton, JJ.