SAM CASTALINE *vs.* NATIONAL CITY BANK OF CHELSEA.

Suffolk.   November 21, 1922. — March 14, 1923.

Present: RUGG, C.J., DE COURCY, CROSBY, CARROLL, & JENNEY, JJ.

*Bills and Notes,* Payment of bank check.  *Bank.*

If two checks drawn by a depositor upon a bank in which he has a deposit are presented simultaneously to the bank for payment and there are funds in his deposit sufficient to meet either of the checks but insufficient to meet both, it is the duty of the bank, in the absence of a custom or a rule of bankers to the contrary, to pay one of the checks.

CONTRACT OR TORT against National City Bank of Chelsea by one of its depositors to recover damages for the refusal of the defendant to pay when presented for payment two checks drawn upon it by the plaintiff.  Writ dated December 10, 1920.

In the Superior Court the action was tried before *Morton,* J. Material evidence is described in the opinion.  The judge ordered a verdict for the defendant and reported the action to this court upon agreement of counsel that, if his order was right, the verdict was to stand; but, if it was wrong, the action was to be remanded for a new trial upon the question of damages.

*A. J. Zimmerman, (J. H. Rosenshine* with him,) for the plaintiff.
*C. S. Hill,* for the defendant.

CARROLL, J.   The plaintiff, a depositor in the defendant bank, on July 12, 1920, drew two checks — one for $100 and one for $300.   They were presented to the bank for payment simultaneously on July 13, 1920, arriving with others through the mail. The available funds to the credit of the plaintiff when the checks were presented, were $379.57.   The defendant refused to pay either of the checks on the ground that the total amount of both exceeded the deposit of the plaintiff.   The action is in contract or tort to recover damages for injury to the plaintiff's credit.   The case is here on a report from the Superior Court.

If the check of a depositor exceeds the amount of his deposit, the bank may decline to pay it, and is not required to apply the deposit in partial payment of the check.  *Beauregard* v. *Knowlton,* 156 Mass. 395.   *Dana* v. *Third National Bank in Boston,* 13 Allen,

445. But a bank is bound to honor the checks of its depositors, if it has sufficient funds belonging to them when a check is presented, provided the funds are not subject to some lien or claim. If the bank refuses payment of its depositors' checks when in possession of his funds, it is liable to an action by the depositor. *Wiley* v. *Bunker Hill National Bank*, 183 Mass. 495.

The two checks drawn by the plaintiff were presented for payment at the same time. There were sufficient funds on deposit to pay one of them, and in our opinion, it was the duty of the bank, in the absence of custom or a rule of bankers to the contrary, to honor one of the checks, the bank having the right to make payment in any order it may decide, until the deposit is exhausted. It was so decided in *Reinisch* v. *Consolidated National Bank*, 45 Penn. Sup. 236. In that case the plaintiff's balance was $328.12. Seventeen checks aggregating $664.45 were presented at one time through the clearing house. Payment was refused and they were all returned. It was held that it was the duty of the bank to pay some of the checks until the balance was so reduced that it was not longer possible to pay any of the remaining checks. In the opinion of the court, there was no necessity for injuring the plaintiff's credit by dishonoring all his checks when some of them could be paid. See also *Caldwell* v. *Merchants' Bank of Canada*, 26 U. C. (C. P.) 294.

In 1 Halsbury's Laws of England, page 605, it is said: "If two checks are presented simultaneously, e. g., by the same mail or through the same clearing, and there are only funds sufficient to pay one, it is doubtful whether both may be returned." And "(c) Unnecessary damage would be caused to the customer's credit."

*Dykers* v. *Leather Manufacturers' Bank*, 11 Paige, 612, is not in conflict. In that case the depositor directed the bank to pay none of his checks, and later, the same day, checks were presented and dishonored. The depositor then withdrew all his funds, paying some of his creditors. The plaintiffs, who were payees of a check drawn by the depositor, brought a bill in equity to recover from the bank. It was held that the bank was right in obeying the order of the depositor to stop payment, and was not obliged to distribute the money among the depositor's check-holders.

The credit of a customer might be seriously harmed if all his checks, presented simultaneously, exceeded his deposit and payment on all of them was refused. We know of no reason why this should be done. The banker is not injured. The payment of the checks according to his discretion imposes no hardship on him, all that he is required to do, is to pay the checks in whatever order he decides until the depositor's funds are no longer sufficient to pay any of the remaining checks. The depositor cannot complain that some of the checks have been selected for payment and some refused. He is himself responsible that his account is overdrawn, he has caused the condition. If any damage is occasioned because some of the checks are dishonored, the loss must fall on himself.

According to the terms of the report the case is to be remanded to the Superior Court for a new trial upon the question of damages.

*So ordered.*