SAM CASTALINE *vs.* NATIONAL CITY BANK OF CHELSEA.

Suffolk. · April 7, 1924. — May 21, 1924.

Present: RUGG, C.J., DECOURCY, PIERCE, CARROLL, & WAIT, JJ.

*Damages,* For breach of contract.   *Bank,* Liability for unwarranted failure to honor check.   *Bills and Notes.*

At the trial of an action of contract against a bank for failure of the defendant to pay at least one of two checks drawn by the plaintiff and presented to it at a time when there were sufficient funds of the plaintiff on deposit with the defendant to pay either one of the checks but not both, the trial judge properly refused to instruct the jury that they should " consider all damages resulting because of the dishonor of both checks," the duty of the defendant being to pay one of the checks but the plaintiff having no right to rely on its paying the other if he had not supplied the necessary deposit.

CONTRACT OR TORT against National City Bank of Chelsea by one of its depositors to recover damages resulting from the refusal by the defendant to pay when presented for payment two checks drawn upon it by the plaintiff.   Writ dated December 10, 1920.

The action previously was before this court upon a report by *Morton,* J., of a previous trial and it then was determined that a ruling by the trial judge ordering a verdict for the defendant was wrong, and the action was remanded to the Superior Court for a new trial upon the question of damages.

The action again was tried before *Morton,* J.   Material evidence at the trial is described in the opinion.   At the close of the charge, the plaintiff asked the judge further to instruct the jury as follows: "You are to consider all damages resulting because of the dishonor of both checks."   The judge refused to grant this request.   There was a verdict for the plaintiff in the sum of $1.   The plaintiff alleged exceptions.

The case was submitted on briefs.

*S. Seder, A. J. Zimmerman & J. H. Rosenshine,* for the plaintiff.

*C. S. Hill & F. D. Bonner,* for the defendant.

DeCourcy, J.   The plaintiff had $379.57 on deposit in the defendant bank when two checks drawn by him, one for $300 and one for $100, were simultaneously presented for payment.   The bank refused to pay either of them, on the ground that the amount of both exceeded the deposit; and he brought this action to recover for injury to his credit. The case came before this court (244 Mass. 416), and it was held that the bank owed the plaintiff the duty of paying one of the checks; and a new trial was ordered on the question of damages only.   At this second trial in the Superior Court there was a verdict for the plaintiff in the sum of $1.

The plaintiff requested the trial judge, at the close of the charge, to further instruct the jury that they should " consider all damages resulting because of the dishonor of both checks."   There was no error in the refusal to give this request.   The only duty of the banker was " to pay the checks . . . until the depositor's funds . . . [were] no longer sufficient to pay any of the remaining checks," as was said in the earlier opinion.   The defendant should have paid one of the two checks, but the plaintiff had no right to rely on its paying the other, for which he had not supplied the necessary deposit.   The charge on this subject was at least as favorable as the plaintiff was entitled to.

There is nothing to the statement, in the plaintiff's brief, that so far as appears there were sufficient funds available to pay both checks.   The exceptions expressly refer to the report, which recites that the available sum on deposit to the credit of the plaintiff was $379.57.   Further, the judge, in his charge, stated the amount to be " something like $379," and no objection was made thereto.   And see *Seccomb* v. *Provincial Ins. Co.* 4 Allen, 152; *Pratt* v. *Boston Heel & Leather Co.* 134 Mass. 300.

*Exceptions overruled.*