# Rosenbaum, Appellant, v. Hazard.

*Banks and banking—Checks—Delay in presentations—Proofs of loss—Burden of proof—Evidence.*

1. In an action by the holder of a check against the drawer, brought nearly six years after the date of the check, where the defendant in his affidavit of defense makes no averment of loss, and in no way shows that he has been injured by the delay in presenting the check, there is no burden on the plaintiff to prove that the defendant has suffered no loss.

2. To hold otherwise would be to require the holder of the check to prove a negative, as to a matter peculiarly within the knowledge of the drawer.

Argued May 16, 1911.   Appeal, No. 251, Jan. T., 1910, by plaintiff, from judgment of C. P. Bucks Co., Oct. T., 1907, No. 5, for defendant non obstante veredicto in case of Morris Rosenbaum v. Rowland H. Hazard.   Before FELL, C. J., MESTREZAT, POTTER, ELKIN and MOSCHZISKER, JJ.   Reversed.

Assumpsit for the amount of a check.   Before STOUT, P. J.

At the trial the jury returned a verdict in favor of the plaintiff for $4,583.25.

On a motion for judgment for defendant non obstante veredicto STOUT, P. J., stated the facts to be as follows:

This suit was brought by the plaintiff, Rosenbaum, the holder, against the defendant, Hazard, the drawer, to recover the amount of a check with interest. . The check is in the following form:

"No.                    BRISTOL, September 20, 1901.
  "Farmers' National Bank of Bucks County,
  Pay to the order of John Sparhawk, Jr.,
  Four Thousand . . . . . . . . . . . . . x/100 Dollars.
                                 ROWLAND H. HAZARD.
  (Indorsed) JOHN SPARHAWK, JR."

On September 17, 1901, the plaintiff, at the request of John Sparhawk, Jr., cashed the said check, which was then duly indorsed by Sparhawk. The check, being on a country bank, dated three days after the date of the transaction, the plaintiff demanded of Sparhawk his personal check on a city bank to cover the Hazard check in the event it should be dishonored. Sparhawk gave to plaintiff, Rosenbaum, his check in the sum of $4,000, dated September 17, 1901, payable September 23, 1901, at Merchants' National Bank, Philadelphia. According to Sparhawk's version of the transaction he applied, on September 17, 1901, to plaintiff, Rosenbaum, for a temporary loan of $4,000 for three days, and gave him his own check for $4,000, dated September 17, 1901, payable September 23, 1901. That he also gave him the Hazard check in suit, through which said loan was to be paid. So far as this case is concerned it makes no difference which version is correct. Subsequently, at the request of Sparhawk, the Hazard check was not transmitted for collection. The Hazard check was never presented for payment at the Farmers' National Bank of Bucks county, and on September 18, 1907, two days less than six years after the date of the check, suit was brought thereon in this court.

At the trial plaintiff put the check in evidence and rested. Defendant moved for nonsuit on the ground that the plaintiff had not made out a case on which he was entitled to recover. The defendant then proceeded with his defense, to wit, payment. Not payment by the defendant, but by Sparhawk, who had given the check as collateral to secure the loan of $4,000. The plaintiff at the trial admitted two payments, aggregating to $850. Numerous checks were offered in evidence to show that the said loan was paid off in full by Sparhawk, but the plaintiff testified that some of the checks so offered were paid by him in cash for the accommodation of Sparhawk, or whoever presented them, and that the other checks were payments on account of other loans which plaintiff had

made to Sparhawk. The verdict establishes that the jury adopted the plaintiff's view of the case. The defendant offered evidence to show that he had sustained loss by plaintiff's failure to present the check for payment by reason of his having surrendered to Sparhawk certain bonds of the Camden Consolidated Ice & Cold Storage Company which he held as collateral to secure him against loss upon said $4,000 check. These bonds were surrendered by the defendant, Hazard, with full knowledge that the check was in the hands of a third party.

At the trial, both the plaintiff and the defendant carefully refrained from showing what the state of Mr. Hazard's account was at the Farmers' National Bank of Bucks county on September 20, 1901, the day on which the check was payable; whether or not there were sufficient funds there to meet the check on that day, and if there were, whether or not such funds were kept there from that date until the suit was brought. There was no evidence as to the solvency or insolvency of the bank during the period the check was outstanding unpresented. It being a home bank, such information was easily available. The plaintiff evidently assumed that the burden of proof rested upon the defendant to show that he had suffered loss by the failure to present the check for payment in order to escape liability to the extent of such loss; and the defendant, that the burden rested upon the plaintiff to show that the defendant had suffered no loss to entitle him to recover. The motion being for judgment for defendant non obstante veredicto, the court must decide the question raised upon the facts as disclosed at the trial.

The court citing Flemming v. Denny, 2 Phila. 111; Little v. Phenix Bank, 2 Hill (N. Y.), 425; Daniels v. Kyle, 1 Kelly, 304; Arnold v. Mangan, 89 Ill. App. 327; Stevens v. Park, 73 Ill. 387; Kirkpatrick v. Puryear, 93 Tenn. 409 (24 S. W. Repr. 1130), and Anderson v. Rodgers, 53 Kan. 542 (36 Pac. Repr. 1067), held that the burden was on the plaintiff to show that the defendant had suffered

no loss, and accordingly entered judgment for defendant
non obstante veredicto.

*Error assigned* was in entering judgment for defendant
non obstante veredicto.

*Franklin S. Edmonds*, with him *Hugh B. Eastburn* and
*Wm. Clarke Mason*, for appellant.—In a suit on a check
less than six years after maturity, a holder in due course
is not required to prove affirmatively that the drawer has
been occasioned no loss, until there is evidence of unreason-
able delay in presentment and also proof of the insol-
vency of drawee bank or other evidence of damage to
drawer by competent testimony: Conroy v. Warren, 3
Johns. Cases, 259; Flemming v. Denny, 2 Phila. 111; Rob-
inson v. Hawksford, 9 Adolph. & El. (N. S.) 52; Hoyt
v. Seeley, 18 Conn. 353; Stewart v. Smith, 17 Ohio St.
83; Cowing v. Altman, 79 N. Y. 167; Carroll v. Sweet,
128 N. Y. 19 (27 N. E. Repr. 763); Lloyd v. Osborne,
92 Wis. 93 (65 N. W. Repr. 859); Cox v. Citizens' State
Bank, 73 Kan. 789 (85 Pac. Repr. 762); Lynch v. Lyons,
131 N. Y. App. Div. 120 (115 N. Y. Supp. 227); Spink
& Keyes Drug Co. v. Ryan Drug Co., 72 Minn. 178 (75
N. W. Repr. 18); Williams v. Braun, 112 Pac. Repr. 465.

*Howard I. James*, for appellee.—The trial court properly
held that the burden of proof was on the plaintiff to show
that the drawer did not suffer loss: Wisner v. First Nat.
Bank, 220 Pa. 21; Hopkirk v. Page, 2 Brockenbrough,
20; Commercial Bank v. Hughes, 17 Wend. (N. Y.), 94;
Little v. Bank, 2 Hill (N. Y.), 425; Syracuse, Binghamton
& N. Y. R. R. Co. v. Collins, 3 Lans. (N. Y.), 29; Willetts
v. Paine, 43 Ill. 432; Stevens v. Park, 73 Ill. 387; Arnold
v. Mangan, 89 Ill. App. 327; Planters Bank v. Merritt,
54 Tenn. 177; Springfield v. Green, 66 Tenn. 301; Kirk-
patrick v. Puryear, 93 Tenn. 409 (24 S. W. Repr. 1130);
Ford v. McClung, 5 W. Va. 156; McClain v. Lowther,
35 W. Va. 297 (13 S. E. Repr. 1003); Hamlin v. Simpson,
105 Iowa, 125 (74 N. W. Repr. 906).

OPINION BY MR. JUSTICE POTTER, October 9, 1911:

The plaintiff in this case, as the holder for value of a check, brought suit to recover the amount thereof from the drawer. The latter averred in his affidavit of defense that the check was given to the payee for use in a certain specific business transaction, and that it was diverted from the use for which it was intended, and was negotiated by the payee to the plaintiff, as security for a loan of $4,000, which loan was afterwards repaid. Upon the trial, plaintiff admitted that two payments, amounting to $850, had been made, for which he allowed credit. The evidence as to further payments was conflicting, and was submitted to the jury, and they found a verdict in favor of the plaintiff for the balance claimed by him, with interest. It appears from the evidence that the check was never presented for payment at the bank upon which it was drawn, and that it was held by plaintiff for nearly six years before suit was brought. It is apparent also from the evidence that through some arrangement between the drawer and the payee, it was not expected that the check would be promptly presented to the bank upon which it was drawn, for payment. The transaction was unusual and irregular, and was not explained by the testimony.

As excusing the failure to present the check, plaintiff testified that he was requested by the payee not to present it to the bank, as it would interfere with his arrangements with the drawer, and he, the payee, desired to repay the amount of the check to the plaintiff. At the trial, the payee testified that he had paid the amount, in various partial payments, and the truth of this assertion was the substantial issue between the parties. After the verdict, counsel for defendant moved for judgment non. obstante veredicto, on the ground (1) that plaintiff had not presented the check at the bank where it was payable, and (2) because, presentment not having been made, the burden of proof was on the holder of the check to show that the drawer had suffered no injury from the failure

to present it, and this was not shown.   The court below ruled against the first contention, but sustained the second, and held that the burden was on the plaintiff to show that no loss was caused to the drawer by the delay in presenting the check.   And as there was no proof that defendant had not suffered loss, judgment was entered for defendant non obstante veredicto.

The Act of May 16, 1901, P. L. 194, known as the Negotiable Instruments Act, provides in sec. 186, "A check must be presented for payment within a reasonable time after its issue, or the drawer will be discharged from liability thereon to the extent of the loss caused by the delay." The fair inference to be drawn from this language is that, if the drawer has suffered no loss by the delay, he will not be discharged.   A very proper comment upon this section is found in Eaton & Gilbert on Commercial Paper, sec. 167, where it is said: "This provision is declaratory of the general rule.   The want of due presentment of a check does not discharge the drawer, unless he has suffered some loss or injury thereby; this is one point of difference between a check and a bill of exchange.   The only way in which the drawer of a check would be liable to be injured by a failure to present it within a reasonable time is where subsequent to its delivery and prior to its presentment the bank upon which it is drawn becomes insolvent.   In such a case, in respect to the check, the drawer will be discharged to the extent of the loss he has sustained thereby.   In speaking on this subject, Judge STORY says (Story on Promissory Notes, sec. 498): 'If a bank or banker still remains in good credit, and is able to pay the check, the drawer will still remain liable to pay the same, notwithstanding many months may have elapsed since the date of the check, and before the presentment for payment and notice of the dishonor.   So, if the drawer, at the date of the check or at the time of the presentment of it for payment, had no funds in the bank or banker's hands, or if, after drawing the check and before its presentment for payment and dishonor, he had withdrawn

his funds, the drawer would remain liable to pay the check, notwithstanding the lapse of time.'" In Flemming v. Denny, 2 Phila. 111, Judge SHARSWOOD said (p. 112): "To an action by a holder against the drawer of a check, it is no answer that the check was not presented in reasonable time, unless, during the delay the fund has been lost by failure of the banker."

The affidavit of defense filed by defendant in this case, contains no averment of loss to the drawer, by reason of nonpresentment, nor is there any suggestion of the failure of the bank. There was some evidence tending to show that defendant surrendered some securities to the payee of the check, with full knowledge that it was outstanding in the hands of a third party. Of course the drawer was aware at all times, from the condition of his bank account, that the check was outstanding and unpaid. The jury were permitted to pass upon the question of loss in this respect, and they found in favor of the plaintiff. The defense was made substantially upon the ground of payment. If the defendant suffered any loss by reason of the check not having been presented, either through the failure of the bank, or otherwise, that fact was something peculiarly within his own knowledge. His failure to make any such allegation in his affidavit of defense was sufficient to justify a presumption that no such loss occurred. We agree with the principle set forth in the opinion of the supreme court of Minnesota, in Spink & Keyes Drug Co. v. Ryan Drug Co., 72 Minn. 178, which was a case in which the payee brought suit against the drawer, on a bank check. MITCHELL, J., there said: "It strikes us that, upon both principle and reason, it should be held that loss by reason of negligent delay, either in making presentment or in giving notice of dishonor, is a matter of defense to be pleaded and proved by the drawer, instead of requiring the holder to allege and prove a negative as to a matter peculiarly within the knowledge of the drawer."

In the absence of any allegation or averment of loss

by the defendant, we think the court below erred in holding that the burden of proof was upon the holder of the check to show that the drawer had suffered no loss.   The assignment of error is therefore sustained; the judgment entered in favor of defendant non obstante veredicto, is reversed, and the record is remitted to the court below, that such judgment may be entered as law and right require.