BANK OF DUNNELLON, *Plaintiff in Error,* v. F. E. MARLOW, *Defendant in Error.*

Division B.

Opinion filed July 22, 1930.

*Hampton & Greene,* for Plaintiff in Error;

*Scofield & Scofield,* for Defendant in Error.

### STATEMENT

The declaration herein is as follows:

"The plaintiff, F. E. Marlow, by his attorney undersigned, sues the defendant, Bank of Dunnellon, a corporation organized and existing under the banking laws of the State of Florida, for this to-wit: That the defendant, on the 1st day of July, A. D. 1927, and for several years prior thereto and since, was and is a banking corporation located in the City of Dunnellon, Marion County, Florida, engaged in the banking business, receiving deposits of money and other securities and paying same out upon the demand of its customers and depositors, and generally carrying on and conducting a banking business as aforesaid:

"That on the 1st day of July, A. D. 1927, plaintiff then and there having to his credit in said bank as represented by credit to his account in savings deposit book of said bank, the sum of Fourteen Hundred Dollars ($1400.00) and having given more than sixty days notice in writing to said bank of his intention to withdraw the same, presented his check on said bank and savings account, dated July 1st, 1927, in the sum of $1,400.00, copy of which is hereto attached, to the said Bank of Dunnellon in person, together with his savings deposit book aforesaid, and then and there demanded payment to him of the said sum of Fourteen Hundred Dollars; and although said check and savings deposit book were duly presented for payment as afore-.

said, payment thereof was then and there refused by said bank, wherefore plaintiff sues and claims the principal sum of said check, to-wit: Fourteen Hundred Dollars, together with interest at legal rate, and claims $3,000.00 damages.''

After other proceedings were had the following ''Additional Plea'' was filed:

''Comes now the defendant, the Bank of Dunnellon, a corporation under the laws of Florida, pursuant to the order of the court herein, and for an additional plea to the plaintiff's declaration herein, says:

''That the cause of action upon which plaintiff sues this defendant is for the proceeds of a certain check drawn by the plaintiff on the 19th day of March, 1927, upon the Citizens Bank of Dunnellon, Dunnellon, Florida, in the sum of Fourteen Hundred ($1400.00) Dollars, which check was made payable to the order of defendant; and defendant then and there accepted the said check and gave plaintiff credit for the same upon a pass book or savings account, pending the collection thereof and final payment of the same to defendant. That when plaintiff brought the same check to defendant and requested it to collect the same, he informed defendant that he had reason to believe that the said Citizens Bank of Dunnellon, on which it was drawn, was in a failing condition, and that unless the same was collected within a very short time, he was afraid the said bank would close its doors, and he would suffer a loss; that for personal reasons he did not desire to present the said check for payment to the said bank in person, for which reason he wanted to deposit the same with defendant in said savings account, and then and there requested the defendant to

aid and assist him in the collecting of his money. Plaintiff then and there requested defendant to do all in its power to collect the said money so as to save him the loss which he feared would be visited upon him if the said moneys were not withdrawn from said Citiens Bank. Defendant immediately after receiving the said check and giving the defendant credit as aforesaid, to-wit: on the same day, presented the said check to the said Citizens Bank of Dunnellon, and demanded payment of same in currency, but payment thereof was refused by said Citizens Bank of Dunnellon, the officers of said bank notifying defendant then and there that it did not have sufficient currency in its bank to pay the same, but further stating that it had sufficient moneys in Jacksonville on deposit to its credit at the Florida National Bank, to pay the said check. That the usual course of payment between the Bank of Dunnellon and the Citizens Bank was to exchange checks with each other upon banks in Jacksonville, and all transactions were had between the two banks by accepting checks from each other on their Jacksonville correspondents, and receiving final payment in the City of Jacksonville in such manner, because of the fact that there was no adequate protection for said banks in small towns to warrant them in carrying large sums in currency. That being unable to collect the said check in currency, but the plaintiff desiring and requesting this defendant to do all in its power to save the plaintiff harmless on account of the deposit in the Citizens Bank of Dunnellon, upon which said check was drawn, defendant in good faith and for the purpose of further trying to aid the plaintiff in the collection of said moneys, did then and there exchange said check of the plaintiff with the said Citizens Bank

of Dunnellon for its check on the Florida National Bank of Jacksonville, for said Fourteen Hundred ($1400.00) Dollars, which said Florida National Bank, defendant says, was the bank with which the said Citizens Bank had before and up to that time, been doing business and giving defendant checks in clearance of business between said banks, and on the same day, defendant transmitted said check to Jacksonville, Florida, for final payment by the said Florida National Bank out of funds of the said Citizens Bank of Dunnellon. That said check was duly presented for payment as soon as the same could be transmitted to said Florida National Bank of Jacksonville for payment by it, but the said last named bank refused payment because of insufficient funds of said Citizens Bank of Dunnellon, and returned said check to defendant. Defendant avers that it acted in good faith, and did do all in its power to collect the said moneys, and did exercise all reasonable diligence in that behalf, but was unable to collect the said moneys; and that the said Citizens Bank of Dunnellon before said last named check could be returned to defendant from Jacksonville closed its doors, ceased to do business, went into liquidation, and has not since said date operated as a bank; that defendant upon the said check being returned, charged the amount of same against the savings account of the plaintiff, for which credit was given to him upon the presentation of the said check of the said plaintiff on the said Citizens Bank as aforesaid, and due notice thereof given to the plaintiff. That defendant has not received final payment of said check of the plaintiff as aforesaid, although it has done and performed everything it could reasonably do in the premises. That when said check was returned to de-

fendant, and the amount thereof charged against the plaintiff's savings account as aforesaid, defendant offered to surrender the said check to the plaintiff upon the return of said pass book, and is still ready, able and willing to return the same, and now offers to return the said check to the plaintiff upon return of the said savings account, and here and now tenders the said check into this court to be delivered and surrendered to the said plaintiff upon the surrender of the said savings pass book as aforesaid. Defendant says that it has received nothing whatever out of the transaction, and plaintiff did not pay defendant anything whatsoever for its services in that behalf.

"That said check so returned to defendant, and which defendant has offered to give to the plaintiff, represents the same debt and in the same amount which the said Citizens Bank was owing to the plaintiff when the said check was given to defendant for collection; and plaintiff has not by any act or neglect of defendant, sustained any loss, but still has in the form of said check the same claim against the said Citizens Bank of Dunnellon he had when he delivered his check to defendant for collection.

"WHEREFORE, Defendant says that it has done and performed all things reasonably required of it, or which it could do in the collection of said check so given by the plaintiff to the defendant as aforesaid; but has been unable to collect the same. By reason of which it had the right to charge the said check against the said savings account of the plaintiff as aforesaid, and by reason of which it does not owe to the plaintiff any sums of money on account thereof."

A demurrer and a motion to strike the "additional plea" were sustained, and all pleas having been eliminated and

defendant not desiring to further plead, final judgment for the plaintiff was rendered and defendant took writ of error.

A statute of the State provides:

"When a check, draft, note or other negotiable instrument is deposited in a bank for credit, or for collection, it shall be considered due diligence on the part of the bank in the collection of any check, draft, note or other negotiable instrument so deposited, to forward en route the same without delay in the usual commercial way in use according to the regular course of business of banks, and the maker, endorser, guarantor or surety of any check, draft, note or other negotiable instrument, so deposited, shall be liable to the bank until actual final payment is received, and when a bank receives for collection any check, draft, note or other negotiable instrument and forwards the same for collection, as herein provided, it shall only be liable after actual final payment is received by it, except in case of want of due diligence on its part as aforesaid. (Ch. 5951, June 8, 1909, No. 1.)" Sec. 4748, Rev. Gen. Stats., 1920; Section 6834, Comp. Gen. Laws, 1927.

WHITFIELD, P. J.—The plea avers that defendant accepted a check from plaintiff and gave him credit for the amount thereof "pending the collection thereof and final payment of the same to defendant," "that when plaintiff brought the check to defendant and requested it to collect the same, he informed defendant that he had reasons to believe that the bank on which the check was drawn was in a failing condition, and that unless the same was collected within a very short time, he was afraid that said bank would close its doors, and he would suffer a loss; that for personal reasons he did not desire to present the said check for payment to the said Bank in person, for which reason he

wanted to deposit the same with defendant in said savings account, and then and there requested the defendant to aid and assist him in the collecting of his money.''

The plea further avers the fruitless steps taken to collect the check. The bank on which plaintiff drew the check was in the same town as the bank of deposit. The plea avers a prompt demand of payment in currency and the refusal of the drawee bank to pay the check because ''it did not have sufficient currency in its bank to pay the same''; ''that the usual course of payment between'' the two banks ''was to exchange checks with each other upon banks in Jacksonville''; ''that being unable to collect the said check in currency, but the plaintiff desiring and requesting this defendant to do all in its power to save the plaintiff harmless on account of the deposit in the Citizens Bank of Dunnellon, upon which said check was drawn, defendant in good faith and for the purpose of further trying to aid the plaintiff in the collection of said moneys, did then and there exchange said check of the plaintiff with the said Citizens Bank of Dunnellon for its check on the Florida National Bank of Jacksonville, for said Fourteen Hundred ($1,400.00) Dollars, which said Florida National Bank defendant says, was the Bank with which the said Citizens Bank had before and up to that time, been doing business and giving defendant checks in clearance of business between said Banks.''

Other averments of the plea show due diligence but a failure to collect the check before the bank on which it was drawn ''closed its doors, ceased to do business,'' etc.

No special agreement as to the method of collecting the check is shown and the averments of the plea admitted by the demurrer bring the case within the operation of the statute above quoted. No negligence of the defendant appears. See Montsdoca v. Highlands Bank & Trust Co., 85 Fla. 158, 95 So. R. 666; Edwards v. Lewis, 98 Fla. 956, 124 So. R. 746.

Reversed.

STRUM AND BUFORD, J. J., concur.

TERRELL, C. J., AND ELLIS AND BROWN, J. J., concur in the opinion and judgment.