## CITY OF SOUTH JACKSONVILLE v. JACKSONVILLE TRACTION CO.
### No. 5933.

Circuit Court of Appeals, Fifth Circuit.
June 26, 1931.

James Royall, of Jacksonville, Fla. (Edgar W. Waybright, of Jacksonville, Fla., on the brief), for appellant.

J. L. Doggett and W. McL. Christie, both of Jacksonville, Fla. (O. O. McCollum, C. C. Howell, and J. L. Doggett, Jr., all of Jacksonville, Fla., on the brief), for appellee.

Before FOSTER, SIBLEY, and HUTCHESON, Circuit Judges.

HUTCHESON, Circuit Judge.

This case comes here by appeal from the finding and judgment of the court below, in a case tried without a jury upon an agreed statement of facts.

Appellant, defendant below, devotes a large part of its brief to the point made wholly immaterial by the stipulation of the facts, that appellee's declaration which began the suit was a suit upon the dishonored check, and not upon the debt which the check was given to pay. The case was submitted, not upon the pleadings (appellant in fact filed none whatever), but upon an agreed statement of facts which reads: "The plaintiff and defendant agree that the stipulated facts constitute all the facts and all the evidence material and pertinent in the above case, and do hereby waive a jury, * * *" and further: "The parties do hereby further agree that the Court shall determine whether under the law as applied to the following stipulated facts and evidence, the defendant herein is liable to the plaintiff."

This form of agreement effected submission to the court below of the question whether upon the facts stipulated plaintiff should or should not, as a matter of law, have judgment, and it is to these facts, and not to the pleadings, that this court must look in determining whether the judgment rendered may stand. Reduced to the briefest compass, they are: That the city of Jacksonville, owing the Jacksonville Traction Company for track extension work, mailed it a check for the sum of $5,769.89 drawn by the city on the Bank of South Jacksonville, hereafter referred to as the "South Bank." This check was received on the morning of January 11, 1927, and was about noon of that day, in accordance with the established custom of handling such checks, deposited with other checks and cash in the Atlantic National Bank, of Jacksonville.

The Atlantic Bank acted as general corresponding and collecting bank for the South Bank, and that bank carried an account with the Atlantic. In accordance with the established custom between the Atlantic and the South Bank and all other banks in Jacksonville after banking hours, this check, together with some two hundred or more checks and items of equal dignity with, but unrelated to, the traction company item, reached the South Bank in due course of mail on January 12; that bank refused a few of the items, and on the same day accepted the rest, including the city check, which it marked "Paid," and returned to the city, and in payment of the accepted items it mailed to the Atlantic its own draft, drawn on that bank for $14,718.73. At that time the city had a paper balance with the South Bank in excess of its check. The draft on the Atlantic reached that bank in due course on the morning of January 13. The account of the South Bank being at that time overdrawn, the Atlantic by telephone declined the draft, and demanded cash. In reply the South Bank, advising insufficient funds, closed its doors at 1 p. m. the same day. At no time on January 13 did the South Bank have credit with the Atlantic equal either to the amount of its draft on Atlantic or the city check alone.

The Atlantic debited the traction company account in the amount of the city check, which the South Bank had not paid, and the city has failed to take up and make good the check which it gave to be cashed in payment

of the track extension work, and still refuses to do so, and thereby, for the above reasons only, refuses to pay for the track extension work.

The stipulated facts show that for the purpose of paying checks the South Bank had, at the commencement of business January 11, 1927, $10,770.06; that it had for the same purpose at the close of business on that day, and its commencement on the day following, $9,379.37; at the close of business on January 12 and its commencement on January 13, for the same purpose, $11,281.56; when it closed its doors it had $3,553.59. To its credit in the Atlantic Bank there was on January 11, $3,531.50; on January 12, $1,305.53; and on January 13 it was overdrawn.

The South Bank is located within a distance of three-fourths of a mile from Atlantic Bank, a mile from the traction company office in the city of South Jacksonville, a borough of Jacksonville, connected with that city by a bridge, a ferry, and a street car line.

Upon these facts the defendant below, appellant here, contended there, and contends here, that its check was negligently handled in that the Atlantic Bank, as the agent of the drawee, instead of making proper efforts to collect the check through a proper agent of its selection, selected the Bank on which the check was drawn as its agent to make collection. That had it not done so, but, on the contrary, had selected some other agent, one of its own messengers, or some other bank, the check would have been paid, and the city would not have suffered loss.

The trial court made the following finding: "I find that the Atlantic National Bank, in collecting or endeavoring to collect the check involved and sued upon in this case as agent for the plaintiff was not negligent in sending the check directly to the Bank of South Jacksonville for collection, or negligent in any other way under the definition of due diligence contained in the Florida statute Chap. 5951, Laws of Florida 1909,—Sec. 6834 C. G. L. 1927—Sec. 4748 R. G. S. 1920. I further find that under the pleadings and the stipulation of facts the plaintiff is entitled to a judgment for the full amount of its claim with interest."

Appellee meets appellant's contention that there was negligence in the handling of the check with the preliminary proposition that, plaintiff having sued upon the debt, which by the stipulation admittedly had not been paid, the judgment must be affirmed, irrespective of the question of negligence, because the defendant has wholly failed to sustain the burden imposed on it by law of either pleading or proving that, as a result of the claimed negligence of plaintiff, it has sustained loss to the amount of the debt. Cleve et al. v. Craven Chemical Co. (C. C. A.) 18 F.(2d) 711, 52 A. L. R. 980; Bradford v. Fox, 38 N. Y. 289; Rosenbaum v. Hazard, 233 Pa. 206, 82 A. 62, 38 L. R. A. (N. S.) 255, Ann. Cas. 1913A, 1291; Spink v. Ryan, 72 Minn. 178, 75 N. W. 18, 71 Am. St. Rep. 477.

We think appellee's position correct that the stipulation does not contain, nor is the omission there supplied by other proof, facts from which it could be found that the action of the Atlantic National Bank has caused loss to defendant, and that, since the suit is upon the debt which admittedly has not been paid, the judgment for plaintiff, which was only for the amount admittedly due, must stand.

Further, however, we concur in the view of the court below that the presentment of the check was not attended with negligence. We think this both because of the cited statutes of Florida [1] and because of the view which we entertain that under modern banking and business conditions it is an arbitrary classification which holds to be negligence per se that which is uniformly done by those engaged in the banking business under statutory sanction.

The rule that it is negligence to select the drawee bank as agent to collect checks and drafts upon itself, however reasonable and valid it may have been in earlier days when banking was still largely a private business, and checks drawn on a bank were in reality checks drawn on individuals engaged in the banking business, has under modern conditions little of reason to commend it.

[1] Chapter 5951 Laws of Florida 1909 (Comp. Gen. Laws 1927, § 6834): "'Due diligence' by Bank. When a check, draft or other negotiable instrument is deposited in a bank for credit, or for collection, it shall be considered due diligence on the part of the bank in the collection of any check, draft, note or other negotiable instrument so deposited, to forward en route the same without delay in the usual commercial way in use according to the regular course of business of banks, and the maker, endorser, guarantor or surety of any check, draft, note or other negotiable instrument, so deposited, shall be liable to the bank until actual final payment is received, and when a bank receives for collection any check, draft, note or other negotiable instrument and forwards the same for collection, as herein provided, it shall only be liable after actual final payment is received by it, except in case of want of due diligence on its part as aforesaid. (Ch. 5951, June 8, 1909, § 1.)"

■ The theory then developed that it was negligence per se to select a debtor as agent to collect the debt from himself has little basis to rest upon now when more complete state supervision, and wide stock distribution have emphasized the distinction between the institution and its owners. We think that, while upon special facts it may still be found to be negligent to select a drawee bank as collection agent, it is unreasonable to generalize that the mere fact that checks are sent in accordance with the customs and the statute laws of the state where the transaction occurred direct to the drawee bank for collection and remittance is negligence per se, and that the authorities holding otherwise state the correct rule. Capital Grain & Feed Co. v. Federal Reserve Bank of Atlanta (D. C.) 3 F.(2d) 614; Cleve et al. v. Craven Chemical Co. (C. C. A.) 18 F.(2d) 711, 52 A. L. R. 980; Chicago, Milwaukee & St. Paul Ry. Co. v. Federal Reserve Bank, 70 Utah, 310, 260 P. 262, 61 A. L. R. 456; Morse on Banks and Banking (5 Ed.) § 220; Davis v. First National Bank, 118 Cal. 600, 50 P. 666; Kershaw v. Ladd, 34 Or. 375, 56 P. 402, 44 L. R. A. 236; Waggoner Bank & Trust Co. v. Gamer (Tex. Sup.) 213 S. W. 927, 6 A. L. R. 613; Bank of Dunnellon v. Marlow (Fla.) 129 So. 604.

Believing that, both because of the fact that there was no negligence established, and that if there was the proof failed to show any resulting loss, the judgment of the Court below is correct, that judgment is affirmed.