## Welsch v. Morell

*William H. Eckensberger, Jr.,* for plaintiff.

*O. J. Tallman,* for defendant.

WIEAND, J., January 5, 1965. — This is an action based on a check which was drawn by defendant in

favor of plaintiff for $500. The complaint alleges issuance of the check on August 4, 1959, and a copy of the face of the instrument is attached thereto. Plaintiff has failed to attach to her complaint, however, a copy of the reverse side of the check and this has prompted the defendant to file a motion for a more specific pleading. So also, her failure to aver presentment for payment to the drawee bank has provoked a motion to strike. It is these preliminary objections which are presently before the court.

When suit is brought on a negotiable instrument, the holder's title thereto will frequently depend upon the endorsements appearing on the reverse side, and under such circumstances it is appropriate that a copy of the endorsements be attached to the complaint. In this action plaintiff is not only the holder but also the payee of the instrument, and its reverse side, which, we are assured, is blank, is not material to her alleged cause of action. As such, there is no requirement that a copy be attached to the complaint: Pennsylvania Rule of Civil Procedure 1019 (h).

Defendant's second preliminary objection is entitled a "motion to strike," but it is based on an alleged failure to state a cause of action and is, therefore, in the nature of a demurrer. We will treat it in that manner.

It is fundamental that the party primarily liable on a check is the drawee bank and that presentment to the drawee for payment is necessary to charge the drawer: Uniform Commercial Code of Apriil 6, 1953, P. L. 3, sec. 3-501 (1) (c), as amended, 12A PS §3-501 (1) (c). Presentment for payment is a condition precedent to a right of action against the drawer. He is not liable and cannot be sued without such proceeding however long delayed. See paragraph 2 of the Official Comment to section 3-501 of the Uniform Commercial Code. Compare Rosenbaum v. Hazard, 233 Pa. 206; Esslinger's, Inc. v. Stravino Bros., Inc., 28 Lehigh

494. Presentment may be excused, however, under varying circumstances which are enumerated in section 3-511 of the Uniform Commercial Code, supra.

Before the drawer's secondary liability becomes primary, before he can be made to pay the instrument, and before interest thereon begins to accrue against him, there must be either presentment for payment or facts which would excuse it. This complaint contains allegations of neither, and for that reason it is defective. The defect can be readily corrected, however, and plaintiff will be given an opportunity to do so in an amended complaint.

ORDER

And now, January 5, 1965, defendant's first preliminary objection is dismissed, but his second preliminary objection is sustained and judgment may be entered in favor of the defendant unless plaintiff, within 20 days after service of a copy of this order upon her counsel, shall file an amended complaint in accordance with the foregoing opinion.